DAVID CHIU, State Bar #189542
City Attorney
TARA M. STEELEY, State Bar #231775
Chief Attorney, Government Litigation
EDMUND T. WANG, State Bar #278755
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone: (415) 554-4783 (Wang)
Facsimile: (415) 554-4699
E-Mails: edmund.wang@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILLIAN PIERCE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN FRANCISCO, et al. and DOES 1-50, Jointly and Severally,<br><br>Defendants. | Case No. 19-CV-07659-JSW<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11** |
| LACARLA CARR, ALEXCIS HERRERA, THEA HOPKINS, SILVIA MONTOYA, DAMENA PAGE, GIOVANNA RAMIREZ-HERNANDEZ, MARILYN SAHAGUN-LOPEZ, KIMBERLY BOYD, and KATELYN WILLIAMS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 3:26-cv-05508-SK |

## INTRODUCTION

Pursuant to Civil Local Rules 3-12 and 7-11, Defendant City and County of San Francisco (the "City"), respectfully submit this Administrative Motion inviting the Court to consider whether the later-filed action, *LaCarla Carr, et al. v. City and County of San Francisco, et al.*, Case No. 26-CV-05508 (N.D. Cal., filed on June 8, 2026) ("*Carr*"), is related to this case, *Jillian Pierce, et al. v. County of San Francisco, et al*., Case No. 19-CV-07659-JSW (N.D. Cal., filed Nov. 20, 2019) ("*Pierce*"). The *Carr* complaint is attached as Exhibit A to the Declaration of Edmund T. Wang ("Wang Decl."), submitted herewith.

The City brings this motion, as required by Civil Local Rule 3-12(b), because it "believes that" *Carr* "may be[] related to" *Pierce*, "which is or was pending in this District." Civil L.R. 3-12(b). Both *Carr* and *Pierce* were filed on behalf of the same putative class, and share one putative class representative, Damena Page. *See, e.g.*, ECF No. 66, *Pierce* Second Amended Complaint ("*Pierce* SAC") ¶¶ 11, 39; Ex. B, *Carr* Compl. ¶¶ 27, 97. Both named as defendants the City, and the Sheriff of the City, Paul Miyamoto. *See, e.g.*, *Pierce* SAC ¶ 13, 16; Ex. B, *Carr* Compl. ¶ 32, 34. And both *Carr* and *Pierce* assert claims related to outdoor recreation and exercise and access to sunlight at the same facility, specifically, San Francisco County Jail #2, located at 425 7th Street in San Francisco. *See, e.g.*, *Pierce* SAC ¶ 39; Ex. B, *Carr* Compl. ¶ 97. The *Carr* Plaintiffs do not consider the two cases related. Wang Decl. ¶ 4. The *Pierce* Plaintiffs take no position on whether the two cases are related. Wang Decl. ¶ 5.

## ARGUMENT AND AUTHORITY

Under Civil Local Rule 3-12(b), a party that "believes that the action may be[ ] related to an action which is or was pending in this District" "must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should Be Related, pursuant to Civil L.R. 7-11." Civil L.R. 3-12(b). Under Civil Local Rule 3-12(a), "[a]n action is related to another when (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Civil L.R. 3-12(a).

Here, the City files this administration motion because it "believes that" *Carr* "may be[] related to" *Pierce*. Civil L.R. 3-12(b).

First, *Carr* and *Pierce* may "concern substantially the same parties." Civil L.R. 3-12(a)(1). The two cases share one individual plaintiff, Damena Page. *See Pierce* SAC ¶ 11; Ex. B, *Carr* Compl. ¶ 27. And both *Carr* and *Pierce* were filed on behalf of the same putative class of all present and future inmates at San Francisco County Jail #2. *See Pierce* SAC ¶ 39 (alleging "Plaintiffs seek to represent the following class: All past, present, and future pretrial detainees housed at San Francisco County Jail #2, located at 425 7th Street in San Francisco, CA."); Ex. A, *Carr* Compl. ¶ 97 (alleging "Plaintiffs bring this action on their own behalf and, . . . on behalf of a class of all adult men and women who are now, or will be in the future, incarcerated in the San Francisco County Jail 2."). In addition, certain defendants also overlap, specifically, the City and Sheriff Miyamoto. *See Pierce* SAC ¶ 13, 16; Ex. B, *Carr* Compl. ¶¶ 32, 34. The other defendants, while not shared between the two cases, are all affiliated with the overlapping defendants, and affiliated with San Francisco County Jail #2.[1]

Second, *Carr* and *Pierce* may also "concern substantially the same . . . property" and "event[s]." Civil L.R. 3-12(a)(2). Both cases concern the same facility, and include a claim related to the physical layout and design of said facility, San Francisco County Jail #2. *See Pierce* SAC ¶ 24 (alleging "denial of access to outdoor recreation or direct sunlight is due to the jail's deliberate and thought-out design and logistical limitations"); Ex. A, *Carr* Compl. ¶ 45 (alleging County Jail #2 "was deliberately designed and constructed with no outdoor access and no exposure to direct sunlight"). While *Carr* includes additional claims related to the policies and practices at San Francisco County Jail #2, which were not asserted in *Pierce*, the overlap may nevertheless be considered substantial. *See, e.g.*, *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, No. 14-1130 SC, 2015 WL

[1] *See Pierce* SAC ¶ 14 (alleging "defendant Vikki Hennessy was employed by defendant CCSf as the Sheriff"); ¶ 15 (alleging "defendant Michele Fisher was employed by Defendant CCSF as a Chief Deputy"); Ex. B, *Carr* Compl. ¶ 33 (alleging "Defendant City and County of San Francisco Sheriff's Office . . . is charged with operating all City and County of San Francisco jails"); ¶ 35 (alleging "Defendant Jennifer Collins . . . is . . . the Chief of Custody in charge of the Custody Operations for the Sheriff's Office"); ¶ 36 (alleging "Defendant Lisa Pratt . . . is and was . . . the Director of Jail Health Services, for the San Francisco Sheriff's Office"); ¶ 37 (alleging "Defendant Roland Pickens . . . is the Chief Executive Administrator for the San Francisco Health, which oversees Jail Health Services" and "is sued in his official capacity only").

4452136, at *12 (N.D. Cal. July 20, 2015) (finding a FOIA case related even though it "involves slightly differing parties, a differing underlying FOIA request, and [ ] the limited issue raised is unrelated to the issues raised in the other cases already before the Court," where "Plaintiffs seek declaratory relief and injunctive relief alleging an ongoing pattern and practice" of noncompliance with FOIA, and thus 'there may be an unduly burdensome duplication of labor or conflicting result").

And finally, there may be "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2). While the newly-filed *Carr* and *Pierce*, where judgment has been entered (*see* ECF No. 115), are in different procedural postures, relating *Pierce* and *Car* "would prevent unnecessary duplication of *judicial* effort and resources." *Pepper v. Apple Inc.*, No. 11-CV-06714-YGR, 2019 WL 4783951, at *2 (N.D. Cal. Aug. 22, 2019) (original italics). The Court is already familiar with the facts and law related to the outdoor exercise and recreation at San Francisco County Jail #2. *See, e.g.*, *Pierce v. City & Cnty. of San Francisco*, No. 19-cv-07659-JSW, 2022 WL 17418974 (N.D. Cal. Dec. 5, 2022).

## CONCLUSION

Because *Pierce* and *Carr* may be considered to concern substantially similar parties, property, events, and claims, and because relating the cases may conserve judicial resources and prevent conflicting results, the City respectfully raises the issue here, as Civil Local Rule 3-12 requires, to consider whether *Carr, et al. v. City and County of San Francisco, et al.*, Case No. 26-CV-05508 (N.D. Cal., filed on June 8, 2026), is related to *Pierce v. County of San Francisco, et al*., Case No. 19-CV-07659-JSW (N.D. Cal., filed Nov. 20, 2019).

Dated: June 24, 2026

DAVID CHIU
City Attorney
TARA M. STEELEY
Chief Attorney, Government Litigation
EDMUND T. WANG
Deputy City Attorney

By: s/Edmund T. Wang
EDMUND T. WANG

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF'S OFFICE, SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH, SHERIFF PAUL MIYAMOTO, JENNIFER COLLINS, LISA PRATT, M.D., and ROLAND PICKENS