Yolanda Huang (Cal. Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
P.O. Box 5475
Berkeley, CA 94705
Ph/Fax: (510) 329-2140
Email: yhuang.law@gmail.com

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| JILLIAN PIERCE, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN FRANCISCO, et al., and DOES 1-50, Jointly and Severally,<br><br>        Defendants. | Case No.:    19-CV-07659-JSW<br>                  3:26-cv-5508-SK<br><br>**OPPOSITION TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11** |
| LACARLA CARR, ALEXCIS HERRERA, THEA HOPKINS, SILVIA MONTOYA, DAMENA PAGE, GIOVANNA RAMIREZ-HERNANDEZ, MARILYN SAHAGUN-LOPEZ, KIMBERLY BOYD, and KATELYN WILLIAMS,<br><br>        Plaintiffs,<br><br>        vs.<br>CITY AND COUNTY OF SAN FRANCISCO, et al.,            Defendants. | |

1

**SUMMARY**

Plaintiffs object to relation of new matter *Carr et al. v. City and County of San Francisco et al.*, Case No. 26-cv-05508-SK (N.D. Cal., filed June 8, 2026)("*Carr*") case to *Pierce et. al. v. City and County of San Francisco, et. al.*, Case No. 19-cv-07659-JSW (N.D. Cal., filed Nov. 20, 2019)("*Pierce*"). *Pierce* was resolved and closed in 2022. Defendant CSF by urging the Court to relate the two cases, is asserting that, in fact, this Court should be the single judge of this Court responsible for all cases addressing conditions of confinement at County Jail 2 and its physical plant, which is contrary to the implicit principle in Civil Local Rule 3-12(a), which recognizes relation only when the facts are "substantially the same" and it is "likely" that failing to relate will be "unduly" burdensome, cause "duplication" and risk "conflicting results." *Carr* and *Pierce* are not so intimately intertwined. They involved conditions of confinement at County Jail 2 ("CJ2"), but the conditions complained of are different, and the legal theories are distinct and different.

Alternatively, if *Carr* should be related to any case, *Carr* should be related to *Brackens et al. v. CCSF* (19-cv-02724-SK)("*Brackens*").[1] The SF City Attorney has stated that if this Court grants the motion to relate, then the issue of whether Carr is related to Brackens is moot.  If the Court is inclined to relate cases, *Brackens*  has the lowest case number and the appropriate case to relate Carr t to.[2]

**STATEMENT OF FACTS**

The Second Amended Complaint in *Pierce* contained two ultimate fact allegations, "Lack of Outdoor Recreation" at CJ2 and "Cross Gender Unclothed Body Cavity Searches" at CJ2. (*Pierce* Dkt 66, pp. 5-8). In granting summary judgment in *Pierce* this Court focused on the amount of *time* available for recreation—not the location of that recreation, holding "three hours of indoor recreation time per week…does not violate constitutional limitations and is what the appliable state regulations require." (*Pierce* Dkt. 114, p. 5). Additionally, *Pierce* turned significantly on Covid conditions that no longer exist. (*Pierce* Dkt 114, p. 2 The remainder of *Pierce* addressed the conduct of strip searches, which are not at all part of *Carr*. (*Pierce* Dkt 114, p. 8)

---

[1] Plaintiffs intend to file a motion to relate *Carr* and *Brackens on Jun3 30, 2026.*
[2] Magistrate Sallie Kim, presided over *Brackens* and *Carr* has been assigned to Magistrate Kim.

**OPPOSITION TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11**
19-CV-07659-JSW; 3:26-cv-5508-SK

*Carr* Plaintiffs seek:

a) Daily access to sunlight, including sunlight on their skin;

b) Sufficient space and access to exercise [24 CCF §1231.2.10];

c) Food sufficiently healthful to allow inmates to control maintain their health without pharmaceuticals;

d) Sufficient hot water so that all prisoners can obtain a hot shower, and maintain personal sanitation as mandated [Title 15];

e) Adequate maintenance and sanitation to provide living quarters with functioning toilets, free of insects, mold, bacteria, water intrusion and other pests and pathogens;

f) Genuine health care rather than pharmaceutical maintenance; and

g) Damages.

(*Carr* Dkt. 5-2, p. 4)

The *Carr* complaint is not seeking outdoor exercise, or outdoor recreation. *Carr* Plaintiffs seek daily sunlight and assert that human beings require daily sunlight for basic health maintenance.

Sunlight deprivation initially produces chronic jet lag — manifesting as sleep disruption, daytime fatigue, impaired concentration, digestive disturbance, mood changes, and a general sense of unwellness. Over time, these symptoms progress into chronic and potentially irreversible illness, including memory loss, dementia, insomnia, diabetes, endocrine and metabolic disorders, Crohn's disease, immune dysregulation, migraines, hypertension, depression, and impaired eyesight.

(*Carr* Dkt 5-2, p. 15)

Defendants have not sought relation with *Brackens*.   *Brackens* has the lowest case number compared to *Pierce* and *Carr*.  The *Brackens* case addressed pretrial inmates' right to direct sunlight under the 14th amendment. Plaintiffs in *Brackens* produced Dr. Charles Czeisler, the leading United States physician and scientist on the subject of sunlight and human health, who testified that human beings require daily sunlight to prevent a myriad of chronic illness. Dr. Czeisler discovered the circadian rhythm in human beings. After a 7-day bench trial *Brackens* Plaintiffs prevailed. This

3

**OPPOSITION TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11**
19-CV-07659-JSW; 3:26-cv-5508-SK

Court granted a permanent injunction requiring all inmates incarcerated for one year or more in County Jail 3 be given 15 minutes of daily access to direct sunlight. (*Brackens* DKT 470, Exhibit A to the Dec. of Y. Huang).

## ARGUMENT

The Carr and Pierce cases are not be related because the elements as defined by Rule 3-12 do not exist. Civil Local Rule 3-12 defines related cases as follows:

> (1) The actions concern substantially the same parties, property, transaction, or event; and
>
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

### I.       The Parties of *Carr* Are Not the Same As the Parties of *Pierce*

The similarity between the *Pierce* and *Car* plaintiffs is merely that all the plaintiffs are or were incarcerated in County Jail 2, but they are not "substantially the same parties." Damena Page is one of ten named plaintiffs; but Damena Page is no longer in San Francisco's custody, and has therefore now lost her standing to pursue the injunctive relief claims. Therefore, Ms. Page will not be a class representative. None of the remaining named plaintiffs were involved in *Pierce*.

Defendants acknowledge that *Carr* includes defendants not included in the *Pierce* litigation. And, it is axiomatic that litigation against the San Francisco County Sheriff's Office would include primarily defendants who are employees of the City and County of San Francisco; but that does not mean that all litigation going forward involving City employees are related.

### II.     *Carr* and *Pierce* Do Not Arise Out of the Same Operative Facts

The *Carr*, *Pierce*, and *Brackens* cases both address conditions of confinement in County Jail 2. That does not mean that Local Rule 3-12 requires every case involving the Sheriff's department must now be directed to the same judge:

> While there may well be some overlap in issues, that is not the test for relating cases; indeed, implicit in Civil Local Rule 3-12(a) is the principle that single judges of this Court do not become responsible

4

for all cases arising in one area of law, even when some of the same parties are involved. Thus, for example, although this Court oversees reforms in the Oakland Police Department in *Allen*, and those reforms include issues related to use of force and internal affairs investigations, it is not this Court's province to relate all cases that allege excessive use of force by Oakland police officers or all cases involving allegations on which the Department has conducted an internal affairs investigation.

*Allen v. City of Oakland*, N.D.Cal. Nov. 23, 2011, No. C00-4599 TEH) 2011 U.S.Dist.LEXIS 135556, at *6-7.

*Pierce* raised a claim regarding strip searches of women prisoners. *Carr* does not make any allegations regarding strip searches. *Pierce* raised the issue of outdoor recreation. *Carr* does not.

*Pierce* arose in an unusual period of covid, which gave rise to the claim that plaintiffs were not receiving the three hours per week of recreation mandated by Title 15. *Pierce* made no claims regarding the size of the actual gym itself. *Carr* challenges the size of the gym in County Jail 2, asserting that the gym does not meets the size requirements of the Uniform Building Code.

*Carr* makes no claim to a right to "outdoor exercise" or "outdoor recreation." What the plaintiffs in *Carr* assert is that human beings require sunlight, and without direct sunlight, inmates develop illness which devolve into chronic, irreversible maladies such as diabetes, which some of the plaintiffs have in fact developed during the course of their incarceration. These facts were not in *Pierce*. Pierce's claim was for the right of outdoor exercise and outdoor recreation. *Carr* does not ask that outdoors be coupled with exercise and recreation. Nor does *Carr* assert that inmates have the right to exercise or recreation in the outdoors. *Carr* does state that inmates, as human beings, need direct sunlight in order to maintain a baseline of health.

*Carr* raises no legal claims raised in *Pierce*. All the legal claims in *Carr* are different from those in *Pierce*. Only when different cases stem from the same legal claims, is relating cases justified. In re Wells Fargo Mortg. Discrimination Litig., 2023 U.S. Dist. LEXIS 8719, *4-5.

**OPPOSITION TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11**
19-CV-07659-JSW; 3:26-cv-5508-SK

**III.    _Carr_ Arises Out of Distinct Events As Compared to _Pierce_**

The _Brackens_ Order granting permanent injunction was issued on October 17, 2023. The Sheriff of San Francisco has had sufficient notice of the fact that human beings require sunlight. The Sheriff's continued actions denying direct sunlight to the inmates in County Jail 2, is deliberate indifference of the substantial risk of serious harm of denying inmates direct access. _Pierce_ was dismissed in December, 2022, almost a full year <u>before</u> the _Brackens_ Order, and clearly does not arise out of the same events as _Carr_ which was filed June 8, 2026, almost two and a half years after _Pierce_ was dismissed.

**IV.    No Judicial Economy Or Savings of Time and Resources**

_Carr_ is a newly filed complaint and requires full litigation, including full discovery and motion practice. Given that _Pierce_ was long ago concluded, there is no savings of time or resources, or of any possible judicial economy.

**V.    _Carr_ is Substantially Similar to _Brackens_ Not _Pierce_**

If _Carr_ is to be related to any case, it should be to _Brackens_. The only difference between _Brackens_ and _Carr_ is that the plaintiffs of _Carr_ are incarcerated in County Jail 2 rather than in County Jail 3. But the policy and practice of the Sheriff at County Jail 2 is the exact policy and practice successfully challenged in _Brackens_, namely the complete denial of all direct sunlight including sunlight into the eyes and on the skin, with the ancillary resulting injuries. The facts and legal claims of _Carr_ are substantially similar to _Brackens_ and not to _Pierce_.

**CONCLUSION**

_Carr_ meets none of the criteria or definitions of a related case to _Pierce_. Plaintiffs request that Defendants' motion be denied, and that _Carr_ be permitted, as assigned, to remain with Magistrate Judge Sallie Kim.

Dated: June 30, 2026                                    Respectfully Submitted,


By:    _/s/ Yolanda Huang_
       LAW OFFICE OF YOLANDA HUANG
       _Attorneys for Plaintiffs_

6

**OPPOSITION TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S
ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE
RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11**
19-CV-07659-JSW; 3:26-cv-5508-SK
