Yolanda Huang (Cal. Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
P.O. Box 5475
Berkeley, CA 94705
Ph/Fax: (510) 329-2140
Email: yhuang.law@gmail.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| MONTRAIL BRACKENS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No.: 19-cv-02724-SK<br>Case No.:26-cv-5508-SK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11** |
| LACARLA CARR, ALEXCIS HERRERA, THEA HOPKINS, SILVIA MONTOYA, DAMENA PAGE, GIOVANNA RAMIREZ-HERNANDEZ, MARILYN SAHAGUN-LOPEZ, KIMBERLY BOYD, KATELYN WILLIAMS and DOEs 1-50,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al., and DOEs, Nos. 1 – 50,<br><br><br>    Defendants. | |

1

**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11**
26-cv-5508-SK / 19-cv-02724-SK

Plaintiffs respectfully file this administrative motion to invite the Court to consider whether this action, *LaCarla Carr, et al. v. City and County of San Francisco, et al.*, Case No. 26-CV-05508 (N.D. Cal., filed June 8, 2026) (hereafter "*Carr*"), is related to the case *Brackens, et al. v. City and County of San Francisco, et al.*, 3:19-CV-02724-SK (N.D. Cal., filed July 2, 2024) (hereafter "*Brackens*"). Plaintiff files this motion because this action and *Brackens* concern substantially the same parties and substantially similar events. This action and *Brackens*, furthermore, should be related to avoid unduly burdensome duplication of labor and the risk of conflicting results.

## STATEMENT OF FACTS

The plaintiffs in this action, like in *Brackens*, seek the right to access to direct sunlight under the 14th Amendment, asserting that human beings require daily sunlight to maintain basic health

> Sunlight deprivation initially produces chronic jet lag — manifesting as sleep disruption, daytime fatigue, impaired concentration, digestive disturbance, mood changes, and a general sense of unwellness. Over time, these symptoms progress into chronic and potentially irreversible illness, including memory loss, dementia, insomnia, diabetes, endocrine and metabolic disorders, Crohn's disease, immune dysregulation, migraines, hypertension, depression, and impaired eyesight.

*Carr* Dkt 5-2 at p. 15. These assertions are similar to those of the plaintiffs in *Brackens* who produced the expert Dr. Charles Czeisler, the leading United States physician and scientist on the subject of sunlight and human health, who testified that human beings require daily sunlight to prevent a myriad of chronic illness.

The plaintiffs in the Carr action, seek the following relief

    a) Daily access to sunlight, including sunlight on their skin;

    b) Sufficient space and access to exercise [24 CCF §1231.2.10];

    c) Food sufficiently healthful to allow inmates to control maintain their health without pharmaceuticals;

2

d) Sufficient hot water so that all prisoners can obtain a hot shower, and maintain personal sanitation as mandated [Title 15];

e) Adequate maintenance and sanitation to provide living quarters with functioning toilets, free of insects, mold, bacteria, water intrusion and other pests and pathogens;

f) Genuine health care rather than pharmaceutical maintenance; and

g) Damages.

*Carr* Dkt. 5-2 at p. 4. This relief is similar to that provided to the plaintiffs in *Brackens*. The plaintiffs in *Brackens* prevailed after a 7-day bench trial with this Court granting a permanent injunction requiring that all inmates incarcerated for one year or more in County Jail #3 be given 15 minutes of daily access to direct sunlight. (DKT 478).

<u>**ARGUMENT**</u>

Under Civil Local Rule 3-12(b), defines a "related cases" as when

(1) The actions concern substantially the same parties, property, transaction, or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

This action and *Brackens* are related under this standard. The fact that *Brackens* has been fully adjudicated through appeal does not diminish the relationship between these matters, but rather crystallizes a factual and legal record that this Court is uniquely positioned to apply consistently to the pending case.

**I.     This action and *Brackens* Concern Substantially the Same Parties.**

This action and *Brackens* concern substantially the same defendants—the City and County of San Francisco, San Francisco County Sheriff's Office, and Sheriff Paul Miyamoto. This action

3

and *Brackens*, additionally, concern substantially similar plaintiffs—people who are incarcerated by the City and County of San Francisco Sheriff's Office.

**II.      This action and *Brackens* Concern Substantially the Same Events and Arise Out of Similar Operative Facts.**

The plaintiff's claims in this action, like in *Brackens*, arise out of the alleged deficiencies of the facilities, institutional policies, and practices of the defendants that have deprived plaintiffs of access to sunlight, and the resulting harms suffered by the plaintiffs. The plaintiff's claims in this action additionally, like in *Brackens*, concern alleged violations of 42 U.S.C. 1983, and the Eighth and Fourteenth Amendments to the U.S. Constitution, and seek the same or similar relief.

**III.      This action and *Brackens* Should Be Related to Avoid Unduly Burdensome Duplication of Labor and Expense.**

The judicial officer who presided over a related action possesses irreplaceable familiarity with the factual record and key documents in both actions. *See Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989) (courts weigh "the saving of time and effort" in the related-case and consolidation context); see also *Gray v. City & Cty. of San Francisco*, No. C 13-03513 WHA (N.D. Cal. Oct. 7, 2013) (relating cases where same parties and transactions at issue). Proceeding with this action before a different judicial officer on overlapping facts risks inconsistent discovery rulings on the same underlying facts and documents; contradictory interpretations of key contracts, events or prior orders; and conflicting factual findings that prejudice the parties and drain judicial resources. These are precisely the harms Civil L.R. 3-12 is designed to prevent. See *Kriehn v. U.S. Dep't of Justice*, No. 5:12-CV-05611-LHK (N.D. Cal. Feb. 4, 2013) (referring cases for relation where same parties and substantially similar claims risked "duplication of labor and expense or conflicting results"). This action should be related to *Brackens*, therefore, to avoid these harms.

**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11**
26-cv-5508-SK / 19-cv-02724-SK

The existence of a final appellate record, furthermore, is an asset to relation, not an obstacle. A completed case produces binding findings, issue preclusion, and claim preclusion that will directly govern the live action. *Dowling v. United States,* 493 U.S. 342, 347 (1990) ("when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit"). And the doctrine of issue preclusion, for example, further helps to "promote judicial efficiency . . . and prevent inconsistent judgments." *Montana v. United States*, 440 U.S. 147, 153-54 (1979); *see also Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 553 (1990). *Brackens* produced a fixed, authoritative set of findings and rulings. This action will necessarily require interpretation and application of those findings through the legal doctrine of issue preclusion, a task uniquely suited to the judge who made the underlying trial court rulings and who understands the full context behind them. No other judge can perform that task with equivalent accuracy or efficiency. This action and *Brackens* should be related, therefore, to eliminate the risk of conflicting results at its source.

**CONCLUSION**

For the foregoing reasons, the Court should grant this motion and relate this action to *Brackens*, permitting this action to remain, as assigned, with the same judicial officer.

Dated: June 30, 2026

Respectfully Submitted,

By: */s/ Yolanda Huang*
LAW OFFICES OF YOLANDA HUANG
Yolanda Huang

*Attorneys for Plaintiffs*

**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11**
26-cv-5508-SK / 19-cv-02724-SK
