DAVID CHIU, State Bar #189542
City Attorney
TARA M. STEELEY, State Bar #231775
Chief Attorney, Government Litigation
SABRINA M. BERDUX, State Bar #248927
KAITLYN MURPHY, State Bar #293309
EDMUND T. WANG, State Bar #278755
JESSE E. LANIER, State Bar #303395
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3929 [Berdux]
Telephone:    (415) 554-6762 [Murphy]
Facsimile:    (415) 554-3837
E-Mail:       sabrina.m.berdux@sfcityatty.org
              kaitlyn.murphy@sfcityatty.org
              edmund.wang@sfcityatty.org
              jesse.lanier@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACARLA CARR, ALEXCIS HERRERA, THEA HOPKINS, SILVIA MONTOYA, DAMENA PAGE, GIOVANNA RAMIREZ-HERNANDEZ, MARILYN SAHAGUN-LOPEZ, KIMBERLY BOYD, and KATELYN WILLIAMS,<br><br>              Plaintiffs,<br><br>              vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF'S OFFICE, SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH, SHERIFF PAUL MIYAMOTO, in his individual capacity; JENNIFER COLLINS, Chief of Custody for the San Francisco Sheriff's Office, in her individual capacity; LISA PRATT, M.D., in her individual capacity as the former Director of Jail Health Services, and ROLAND PICKENS, Chief Administrator for the San Francisco Health Network, in his official capacity,<br><br>              Defendants. | Case No. 3:26-cv-05508-SK<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE**<br><br>Trial Date:          None set |

Defendant City and County of San Francisco (the City) opposes the Administrative Motion to Relate *Carr v. City and County of San Francisco*, N.D. Cal. Case No. 3:26-cv-5508-SK to closed case, *Brackens v. City and County of San Francisco*, N.D. Cal. Case No. 19-cv-02724-SK (LB)[1], and respectfully submits that to the extent *Carr* is appropriate for relation at all, it should be related to *Pierce v. County of San Francisco*, N.D. Cal. Case No. 19-CV-07659-JSW where the City filed a pending Administrative Motion to Relate. (*Pierce* ECF No. 116.) The Court previously found *Brackens* and *Pierce* were not sufficiently similar to be related. (ECF No. 148). Applying the same reasoning, *Carr* is also not sufficiently similar to *Brackens* to justify relation. The cases involve different plaintiffs, different jails, and a substantial number of unique claims.

## I.      Factual Background of *Brackens*, *Pierce*, and *Carr*
### A.      *Brackens,* N.D. Cal. Case No. 19-cv-02724-SK (LB)

Plaintiffs filed *Brackens* as a putative class action on May 20, 2019, represented by Yolanda Huang. (*Brackens* ECF No. 1.) This Court held a bench trial in August 2023, and issued a post-trial order on October 17, 2023. (ECF No. 457-465, 478.) The only claims that went to trial concerned prayers for declaratory and injunctive relief on behalf of a certified class of pre-trial inmates housed in County Jail 3 located in San Bruno. (ECF No. 478 at 1.) County Jail 3 houses exclusively male inmates. The bench trial considered Plaintiffs' claims challenging (1) access to direct sunlight and (2) out-of-cell time under the Fourteenth Amendment and related state laws. (*Id*.)

### B.      *Pierce,* N.D. Cal. Case No. 19-CV-07659-JSW (LB)

Plaintiffs filed *Pierce* as a putative class action on November 20, 2019, and were represented initially by Chan Kim and then later the firm of Siegel, Yee, Brunner & Mehta. (*Pierce* ECF Nos. 1, 13.) Judge White resolved the case at summary judgment on December 5, 2022. (*Pierce* ECF No. 114.) The plaintiffs, including Damena Page, alleged claims concerning outdoor recreation and cross-gender searches. The case was limited to inmates in County Jail 2. (*Pierce* ECF No. 66.)

---

[1] *Brackens* was originally captioned *Norbert v. City and County of San Francisco*.

## C.    The City's Efforts To Relate *Brackens* and *Pierce*

*Brackens* and *Pierce* were both assigned to Magistrate Judge Beeler for settlement. (*Brackens* ECF No. 126; *Pierce* ECF No. 32.) In March 2020, the City filed an administrative motion to relate *Pierce* to *Brackens* (the lower numbered case). (*Pierce* ECF No. 141.) Plaintiffs' counsel Ms. Huang opposed the motion arguing *Brackens* "does not cover County Jail 2, and does not contain any women as plaintiffs or members of the class" and overall, "there does not appear to be significant enough similarities for the cases to be related." (*Pierce* ECF No. 143.)

The Court declined to relate *Pierce* to *Brackens* for two primary reasons. (ECF No. 148.) First, although both cases alleged claims concerning out-of-cell time and outdoor recreation, *Pierce's* "unique cause of action" concerning searches raised "separate legal issues" which would "require factual development and analysis significantly different from that required in [*Brackens*]." (*Id*. at 1-2.) Second, even as to the claims raised in both cases (denial of out-of-cell time and outdoor recreation), the Court found them "unsuited" to joint resolution because "[t]hough the claims will turn on similar legal principles, the facts in the two cases are distinct," and concern different jails—County Jail 2 in *Pierce* and County Jail 3 in *Brackens*. (ECF No. 148 at 2.) The Court found relating the cases would be "more burdensome than letting them proceed separately" and denied the City's motion because relation "would disserve judicial economy and impede the interests of justice in both matters." (*Id*.)

## D.    *Carr,* N.D. Cal. Case No. 3:26-cv-5508-SK

Plaintiffs filed *Carr* on June 8, 2026, and are represented by the same counsel as *Brackens*—Ms. Huang. (*Carr* ECF No. 1.) Even so, Plaintiffs' counsel did not file a Notice of Related Cases with the complaint. *Carr* concerns the same facility as *Pierce*—County Jail 2. It also concerns the same putative class as *Pierce* and Damena Page is a plaintiff and class representative in both cases. (*Id*.) *Carr* alleges conditions of confinement claims under the Fourteenth and Eighth Amendments and related state law. Specifically, the complaint alleges inmates in County Jail 2 are subject to "total denial of sunlight, no natural air, no outdoor exercise and recreation, insufficient exercise space," have "limited access to exercise, [have a] lack of hot water," experience "sewage backups and overflows, insect infestations, and food insufficient to maintain health," in addition to "inadequate medical care

that relies on psychotropic drugs and pharmaceutical drugs to chemically coerce inmates to tolerate conditions that cause ill health." (*Id*. at ¶ 131.)

On June 17, 2026, the City contacted Ms. Huang about relating *Carr* to *Pierce* and filed an Administrative Motion to relate the cases on June 24, 2026. (*Carr* ECF No. 5-1 at ¶ 4.) Plaintiffs opposed the motion to relate on June 29, 2026. That same day, seemingly to bolster that opposition, Ms. Huang filed this competing Motion to relate *Carr* to *Brackens*.[2]

## II.    Legal Standard

The Court should relate cases where "[t]he actions concern substantially the same parties, property, transaction or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." N.D. Cal. Civil Local Rule 3-12(a).

## III.    Argument

The motion to relate *Carr* to *Brackens* fails for the same reasons as the prior Administrative Motion to relate *Pierce* to *Brackens* failed. Although *Carr* and *Brackens* both raise claims concerning sunlight, like *Pierce, Carr* includes additional causes of actions which "raise[ ] separate legal issues that will require factual development and analysis significantly different from that required in [*Brackens*]." (ECF No. 148 at 1-2.) This distinction is even more apparent in *Carr* as compared to *Pierce* because *Pierce* only alleged one unrelated claim (cross-gender searches) whereas *Carr* includes a litany of unrelated claims covering sewage issues, food complaints, and the prescription medications jail medical staff prescribe to manage mental health diagnoses. (*Carr* ECF No. 1 at ¶ 131.) The *Brackens* trial involved a class of pre-trial inmates with claims under the Fourteenth Amendment whereas *Carr* includes claims under the Eighth Amendment, a different legal standard. *Brackens* was a bench trial seeking only declaratory and injunctive relief while *Carr* seeks punitive damages—which also requires the Court to conduct separate legal analysis under a separate legal standard.

Even the claims related to outdoor recreation—the only claims raised in both *Brackens* and *Carr*—are "unsuited to resolution" together since they concern different jails. (ECF No. 148 at 2.)

---

[2] The City has concurrently filed an opposition to Ms. Huang's motion to relate in *Brackens*. (*Brackens* ECF No. 532.)

*Brackens* only concerned County Jail 3 in San Bruno. *Carr* only concerns County Jail 2 in San Francisco. As the allegations in *Carr* make plain, the physical plants are different and each jail has different procedures concerning recreation. The same argument Ms. Huang made in opposing the City's motion to relate *Pierce* to *Brackens* holds true with respect to *Brackens* and *Carr*. Unlike *Carr*, *Brackens* "does not cover County Jail 2, and does not contain any women as plaintiffs or members of the class" and overall, "there does not appear to be significant enough similarities for the cases to be related." (ECF No. 143.) Plaintiffs reference to issue preclusion does not apply and in any event is no basis to relate the two cases under the Local Rules.

Plaintiffs' counsel in *Carr* was aware of *Brackens* when she filed suit, having served as counsel in that case as well, yet did not seek to relate the cases at the outset and only did so after the City filed a separate Motion to Relate *Carr* to *Pierce*. The parties have an obligation to notify the Court "[w]henever" they learn two actions "may be" related. N.D. Cal. Civ. Local Rule 3-12(b). The delay, particularly when considered in conjunction with the fact that Plaintiffs' counsel opposed the Motion to Relate in *Carr* the same day she filed the instant motion, suggests Plaintiffs' counsel filed this Motion to undercut the City's parallel Motion to relate *Carr* to *Pierce*. Plaintiffs' counsel did not consider *Brackens* and *Carr* sufficiently related at the outset, and nothing has changed in the intervening weeks.

The cases Plaintiffs cite do not show otherwise. *Investors Research Company v. United States District Court for Central District. of California*, 877 F.2d 777 (9th Cir. 1989) does not contain the quote Plaintiffs ascribe to it and did not require the district court to relate or consolidate any case. *Gray v. City & Cty. of San Francisco*, No. C 13-03513 WHA (N.D. Cal. Oct. 7, 2013) and *Kriehn v. U.S. Dep't of Justice*, No. 5:12-CV-05611-LHK (N.D. Cal. Feb. 4, 2013) were not class cases and both involved claims brought by a single individual—who was the sole plaintiff in the higher and lower numbered cases —where the request for the cases to be related came from the judge in the higher numbered case. None of the remaining cases Plaintiffs cite concern a motion to relate and so are not persuasive. *See Dowling v. United States*, 493 U.S. 342, 347 (1990) (criminal case considering the double-jeopardy clause); *Montana v. United States*, 440 U.S. 147, 153-54 (1979) (providing a general description of the doctrines of collateral estoppel and res judicata and lacking the quote Plaintiffs

ascribe to it); *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 553 (1990) (considering whether the court's determination of issues raised in equitable claims collaterally estopped the jury from considering the same issues with respect to claims at law).

It is undisputed that *Brackens* and *Carr* concern different jails and that *Carr* includes multiple claims that were not litigated in *Brackens*. On these facts it would "be more burdensome" for the Court to relate *Carr* and *Brackens* "than letting them proceed separately" and so relation "would disserve judicial economy and impede the interests of justice in both matters." (ECF No 148 at 2.)[3] The Court should therefore deny Plaintiffs' Administrative Motion.

Dated:  July 6, 2026

                                       DAVID CHIU
                                       City Attorney
                                       TARA M. STEELEY
                                       Chief Attorney, Government Litigation
                                       SABRINA M. BERDUX
                                       KAITLYN MURPHY
                                       EDMUND T. WANG
                                       JESSE E. LANIER
                                       Deputy City Attorneys

                          By: */s Kaitlyn Murphy*_____
                                KAITLYN MURPHY

                              Attorneys for Defendant
                              CITY AND COUNTY OF SAN FRANCISCO

---

[3] To the extent any order of relation is appropriate, *Carr* should be related to *Pierce*. The cases involve substantially similar classes and share an individual plaintiff and class representative. Civil L.R. 3-12(a)(1). *Carr* and *Pierce* also "concern substantially the same . . . property" and "event[s]"— claims related to the physical layout and design of County Jail 2. Civil L.R. 3-12(a)(2). The City's Administrative Motion to relate Carr to Pierce is pending before Judge White. (*Pierce* ECF No. 116.)