DAVID CHIU, State Bar #189542
City Attorney
TARA M. STEELEY, State Bar #231775
Chief Attorney, Government Litigation
EDMUND T. WANG, State Bar #278755
JESSE E. LANIER, State Bar #303395
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:      (415) 554-4783 (Wang)
                (415) 554-3915 (Lanier)
Facsimile:      (415) 554-4699
E-Mails:        edmund.wang@sfcityatty.org
                jesse.lanier@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACARLA CARR, ALEXCIS HERRERA, THEA HOPKINS, SILVIA MONTOYA, DAMENA PAGE, GIOVANNA RAMIREZ-HERNANDEZ, MARILYN SAHAGUN-LOPEZ, KIMBERLY BOYD, and KATELYN WILLIAMS,<br><br>        Plaintiffs,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF'S OFFICE, SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH, SHERIFF PAUL MIYAMOTO, in his individual capacity; JENNIFER COLLINS, Chief of Custody for the San Francisco Sheriff's Office, in her individual capacity; LISA PRATT, M.D., in her individual capacity as the former Director of Jail Health Services, and ROLAND PICKENS, Chief Administrator for the San Francisco Health Network, in his official capacity,<br><br>        Defendants. | Case No. 3:26-cv-05508-CRB<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date:   September 11, 2026<br>Time:           10:00 a.m.<br>Place:          Hon. Charles R. Breyer<br>                US District Court<br>                450 Golden Gate Avenue,<br>                Courtroom 6 – 17th Floor<br>                San Francisco, California<br><br>Trial Date:     None set. |

Ntc of Mtn & Mtn to Dismiss; MPA ISO MTD
Case No. 3:26-cv-05508-CRB

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... iii

SUMMARY OF ARGUMENT ................................................................................................. ix

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

INTRODUCTION ..................................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 1

LEGAL STANDARD ............................................................................................................... 2

ARGUMENT ............................................................................................................................ 3

    I.    PLAINTIFFS' SECTION 1983 CLAIMS EACH FAIL. ...................................... 3

        A.    The Eighth Amendment Does Not Apply to Plaintiffs, Who Are Pretrial Detainees. ......................................................................................... 3

        B.    Plaintiffs Fail to Allege Any Violation of Fourteenth Amendment Due Process. ........................................................................................................ 3

            1.    Lack of Outdoor Recreation and Access to Sunlight at CJ2 Does Not State a Violation of Due Process. ............................................ 3

            2.    Plaintiffs Fail to Allege Their Medical Care Was Inadequate. ........ 4

            3.    Plaintiffs Fail to Allege Defendants Served Inadequate Food. ........ 5

            4.    Temporary Issues With Building Maintenance Do Not Violate Due Process. ....................................................................................... 6

        C.    Plaintiffs Fail to Allege Defendants Acted with Discriminatory Intent and Fail to Allege Female Inmates at CJ2 Are Similarly Situated to a Favored Group. ..................................................................................... 8

        D.    Plaintiffs Fail to Allege Facts to Support Section 1983 Liability By Any Defendant. .................................................................................... 10

            1.    Plaintiffs Fail to Allege Sufficient Acts to Support Municipal Liability. ........................................................................................... 11

            2.    Plaintiffs Fail to Allege Personal Participation of Individual Defendants. ...................................................................................... 12

    II.    PLAINTIFFS' STATE CONSTITUTION AND STATE LAW CLAIMS ALL FAIL. ................................................................................................................... 13

        A.    Plaintiffs Fail to State any Claim Under the California Constitution. ....... 13

        B.    Failure of Plaintiffs' Section 1983 Claims Dooms Their Bane Act Claim. 13

        C.    Plaintiffs' Tort Claims Must Be Dismissed. ............................................. 14

            1.    California Law Bars These Claims Against All Defendants. ........ 14

            2.    Plaintiffs Have Failed to Allege a Cognizable Duty. .................... 15

3.     Plaintiffs Fail to Allege Defendants Exhibited "Extreme and Outrageous" Conduct or That They Intended to Cause Plaintiffs Emotional Distress. ........................................................15

CONCLUSION...............................................................................................................16

## TABLE OF AUTHORITIES

**Federal Cases**

*AE ex rel. Hernandez v. Cnty. of Tulare*
666 F.3d 631 (9th Cir. 2012) ...................................................................................11

*Ariz. Dream Act Coal. v. Brewer*
757 F.3d 1053 (9th Cir. 2014) ...................................................................................8

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)................................................................................................2, 12

*Baqleh v. Lake Cnty. Sheriff's Dep't*
2026 WL 880151 (N.D. Cal. Mar. 31, 2026)...........................................................7

*Barren v. Harrington*
152 F.3d 1193 (9th Cir. 1998),
*cert. denied,* 525 U.S. 1154 (1999)......................................................................8, 12

*Bell v. Williams*
108 F.4th 809 (9th Cir. 2024) ..................................................................................11

*Bell v. Wolfish*
441 U.S. 520 (1979)....................................................................................................3

*Brackens, et al. v. City & County of San Francisco*
2023 WL 6847576 (N.D. Cal. Oct. 17, 2023) ......................................................4, 13

*Brown v. City of Mariposa*
2019 WL 4956142 (E.D. Cal. Oct. 8, 2019)............................................................11

*Bruce v. Ylst*
351 F.3d 1283 (9th Cir. 2003) ...................................................................................8

*Bryant v. Atchley*
2022 WL 2988138 (N.D. Cal. July 28, 2022)..........................................................12

*Carpio v. Chief Couns.*
*DHS-ICE*, 2018 WL 5919474 (C.D. Cal. Aug. 8, 2018) .........................................5

*Castro v. Cnty. of Los Angeles*
833 F.3d 1060 (9th Cir. 2016) ...................................................................................3

*City of Canton v. Harris*
489 U.S. 378 (1989)..................................................................................................11

*City of Cleburn v. Cleburne Living Ctr.*
473 U.S. 432 (1985)....................................................................................................8

*Clegg v. Cult Awareness Network*
    18 F.3d 752 (9th Cir. 1994) ...............................................................................3

*Cook v. Torres*
    2013 WL 5946072 (C.D. Cal. Nov. 5, 2013)......................................................15

*Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*
    533 F.3d 780 (9th Cir. 2008) .............................................................................13

*Davis v. Dist. of Columbia*
    158 F.3d 1342 (D.C. Cir. 1998) ...........................................................................5

*Demery v. Arpaio*
    378 F.3d 1020 (9th Cir. 2004) .............................................................................3

*Estelle v. Gamble*
    429 U.S. 97 (1976)...............................................................................................4

*Fishman v. Williams*
    2017 WL 4075136 (C.D. Cal. Sept. 13, 2017) ....................................................9

*Floyd v. Santa Clara Dep't of Corr.*
    2025 WL 3012645 (9th Cir. Oct. 28, 2025),
    cert denied, 2026 WL 120339 (May 3, 2026)......................................................6

*Fosselman v. Hidalgo*
    2012 WL 484699 (E.D. Cal. Feb. 14, 2012).......................................................10

*Fraihat v. U.S. Immigr. & Customs Enf't*
    16 F.4th 613 (9th Cir. 2021) ................................................................................4

*Gallinger v. Becerra*
    898 F.3d 1012 (9th Cir. 2018) .......................................................................8, 10

*Gordon v. Cnty. of Orange*
    6 F.4th 961 (9th Cir. 2021) ..................................................................................5

*Gordon v. Cnty. of Orange*
    888 F.3d 1118 (9th Cir. 2018) .............................................................................4

*Hunter v. Cnty. of Sacramento*
    652 F.3d 1225 (9th Cir. 2011) ...........................................................................12

*Johnson v. Cate*
    2012 WL 1332183 (E.D. Cal. Ap. 17, 2012).......................................................9

*Kee v. Mersch*
    297 F. App'x 615 (9th Cir. 2008) ........................................................................2

*Klinger v. Dep't of Corr.*
    31 F.3d 727 (8th Cir. 1994) ...............................................................................10

*LeMaire v. Maass*
  12 F.3d 1444 (9th Cir. 1993) ..............................................................................5, 6

*Mateos-Sandoval v. Cnty. of Sonoma*
  942 F. Supp. 2d 890 (N.D. Cal. 2013) ......................................................................11

*McCormack v. City & Cnty. of Honolulu*
  762 F. Supp. 2d 1246, 1251 (D. Haw. 2011) ............................................................10

*Monell v. Dep't of Soc. Servs. of City of New York*
  436 U.S. 658 (1978)............................................................................... vii, 11, 12

*Monical v. Jackson Cnty.*
  2021 WL 1110197 (D. Or. Mar. 23, 2021)..................................................................7

*Norbert v. City and Cnty. of San Francisco*
  10 F.4th 918 (9th Cir. 2021) ...............................................................................3, 4

*Norbert v. San Francisco Sheriff's Dep't*
  2020 WL 8675997 (N.D. Cal. Jan. 31, 2020)........................................................14, 15

*Osolinksi v. Coalinga State Hosp.*
  2017 WL 131988 (E.D. Cal. Jan. 12, 2017) ................................................................5

*Peralta v. Dillard*
  744 F.3d 1076 (9th Cir. 2014) ................................................................................5

*Pierce v. City & Cnty. of San Francisco*
  2022 WL 17418974 (N.D. Cal. Dec. 5, 2022)..........................................................3, 4

*Pitts v. Thornburgh*
  866 F.2d 1450 (D.C. Cir. 1989).................................................................................9

*Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*
  130 F.3d 432 (9th Cir. 1997) .............................................................................11, 12

*Poslof v. Arce*
  2025 WL 786356 (N.D. Cal. Mar. 12, 2025)...............................................................6

*Pryor v. City and Cnty. of San Francisco*
  672 F. App'x 751 (9th Cir. 2017) ...........................................................................14

*Ross v. Moffitt*
  417 U.S. 600 (1974).............................................................................................10

*Roubideaux v. N. Dakota Dep't of Corr. & Rehab.*
  570 F.3d 966 (8th Cir. 2009) ...................................................................................9

*Sanchez-Martinez v. Freitas*
  2023 WL 1070352 (N.D. Cal. Jan. 27, 2023).........................................................6, 7

*Sand v. Humboldt Cnty. Corr. Facility*
  2024 WL 1289694 (N.D. Cal. Mar. 25, 2024)........................................................................5

*Snow v. McDaniel*
  681 F.3d 978 (9th Cir. 2012) .................................................................................................5

*Soloman v. San Francisco Cnty. Jail*
  2026 WL 1422035 (N.D. Cal. May 20, 2026)........................................................................7

*Tapia Carmona v. Cnty. of San Mateo*
  2019 WL 4345973 (N.D. Cal. Sept. 12, 2019) .....................................................................12

*Taylor v. List*
  880 F.2d 1040 (9th Cir. 1989) ..............................................................................................12

*United States v. Kama*
  394 F.3d 1236 (9th Cir. 2005) ..............................................................................................11

*Vill. of Willowbrook v. Olech*
  528 U.S. 562 (2000)................................................................................................................8

*Walker v. Ahern*
  2018 WL 2267745 (N.D. Cal. May 17, 2018)........................................................................7

*Women Prisoners of D.C. Dep't of Corr. v. D.C.*
  93 F.3d 910 (D.C. Cir. 1996)............................................................................................9, 10

**State Cases**

*Burgess v. Super. Ct.*
  2 Cal. 4th 1064 (1992) ..........................................................................................................15

*Hughes v. Pair*
  46 Cal.4th 1035 (2009) .........................................................................................................15

*Katzberg v. Regents of Univ. of Cal.*
  29 Cal. 4th 300 (Cal. 2002)...................................................................................................13

*King v. State*
  242 Cal. App. 4th 265 (2015) ...............................................................................................14

*Lawson v. Super. Ct.*
  180 Cal. App. 4th 1372 (2010) .............................................................................................14

*O'Toole v. Super. Ct.*
  140 Cal. App. 4th 488 (2006) ...............................................................................................14

*Today's Fresh Start, Inc. v. Los Angeles County Office of Education*
  57 Cal. 4th 197 (2013) ..........................................................................................................13

*Wilson v. Hynek*
  207 Cal. App. 4th 999 (2012) ...............................................................................................15

*Wright v. State of Cal.*
122 Cal. App. 4th 659 (2004) ...................................................................................14

**Constitutional Provisions**
U.S. Const.
Amend. VIII...................................................................................... iv, 2, 3, 4, 13
Amend. XIV.......................................................................... iv, 2, 3, 4, 6, 7, 8, 13
Amend. XIV, § 1 [Due Process Clause] ....................................... iv, 2, 3, 6, 13
Amend. XIV, § 1 [Equal Protection Clause] ......................................... iv, 2, 8, 9, 10

Cal. Const.
Art. I, § 7 [Cal. Due Process Clause} ........................................................2, 13
Art. I, § 17 ..............................................................................................13

**Federal Statutes**
42 U.S.C. § 1983.................................................................. iv, 10, 12, 13, 14

**State Statutes & Codes**
Cal. Civ. Code
§ 52.1 [Bane Civil Rights Act] ................................................. viii, 2, 13, 14

Cal. Gov. Code
§ 820.6 ..................................................................................................14
§ 844 .....................................................................................................14
§ 844.6 ..................................................................................................14
§ 844.6(a)(2) ..........................................................................................14

**Rules**
Fed. R. Civ. P. 12(b)(6)............................................................................ iii, 2

**Other References**
Order Denying Admin. Motion To Relate Case. *Norbert v. San Francisco Sheriff's Dept.*
No. 19-cv-02724-SK, ECF No. 148 ........................................................4

Second Amended Complaint. *Pierce v. City & Cnty. of San Francisco*
No. 19-cv-07659-JSW, ECF No. 66 ........................................................4

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND TO THIS COURT:

Please take notice that at 10:00 a.m. on September 11, 2026, or as soon thereafter as the matter may be heard, before Judge Charles R. Breyer, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom 6 – 17th Floor, San Francisco, California, Defendants CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO SHERIFF'S OFFICE, SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH, SHERIFF PAUL MIYAMOTO, JENNIFER COLLINS, LISA PRATT, M.D., and ROLAND PICKENS, will move, and hereby do move, to dismiss all claims against all defendants pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants bring this motion pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Departmental Defendants lack capacity to sue or be sued, because the claims against an individual defendant in his official capacity is redundant of the claims against San Francisco, because the Institutional Defendants are entitled to qualified immunity, and because Plaintiffs have failed to state a claim for each and all of their causes of action.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the papers and pleadings on file in this action, and upon such other and further matters as may be considered by the Court at the hearing on this Motion.

Dated: July 31, 2026

DAVID CHIU
City Attorney
TARA M. STEELEY
Chief Attorney, Government Litigation
EDMUND T. WANG
JESSE E. LANIER
Deputy City Attorneys


By:_____/s/ Jesse E. Lanier_____
EDMUND T. WANG
JESSE E. LANIER

Attorneys for all Defendants

**SUMMARY OF ARGUMENT**

Plaintiffs bring three section 1983 claims, two claims under the California Constitution, a Bane Act claim, and two tort claims. Each claim must be dismissed.

As to their section 1983 claims, Plaintiffs fail to allege cognizable constitutional injuries under the Eighth or Fourteenth Amendments. Plaintiffs are pretrial detainees, so the Eighth Amendment does not apply. As to their claims under the Due Process and Equal Protection Clauses under the Fourteenth Amendment, Plaintiffs fail to allege facts showing that the conditions of confinement constitute "punishment" and fail to allege that the conditions of their confinement are the result of discriminatory intent. Plaintiffs also fail to allege the content of the supposed policies, customs, or practices that produced Plaintiffs' alleged constitutional injuries. Their section 1983 claims, therefore, fail to state a *Monell* claim for municipal liability. Plaintiffs likewise fail to allege any of the Individual Defendants personally participated in their supposed constitutional deprivations.

Because Plaintiffs' claims based on deprivation of rights under the Constitution fail, so too must their claims under the California Constitution and the Bane Act claim.

Finally, Defendants are immune from liability under California law for negligence and intentional infliction of emotional distress claims brought by prisoners. And, even if they were not, Plaintiffs have failed to identify a cognizable duty and have failed to allege sufficiently "outrageous" conduct on the part of Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Not one of Plaintiffs' claims is viable. The Complaint itemizes Plaintiffs' grievances with nearly every conceivable condition of confinement at San Francisco County Jail 2 (CJ2). But Plaintiffs fail to identify a single condition that rises to the level of constitutional, statutory, or tortious injury. That is only the start of the Complaint's deficiencies. Plaintiffs' allegations are by and large conclusory, and they fail to connect any objected-to condition to any harm any of them claim to have suffered (when they claim to suffer harm at all)—or to allege facts connecting such harm to the actions of any institutional or individual defendant. There are likewise no factual allegations any defendant acted with the requisite scienter. The undersigned sympathize with Plaintiffs' plight: There can be no debate that detention is often boring, uncomfortable, and inconvenient. But that does not a successful claim make. This Court should dismiss each of Plaintiffs' claims.

## STATEMENT OF FACTS

For the purposes of this motion, Defendants accept as true all well pled factual allegations in the Complaint (Compl.). Each named Plaintiff is currently incarcerated in CJ2, located at 425 7th Street in San Francisco proper. Compl. ¶¶ 13, 14. None have been tried or sentenced. *Id.* ¶¶ 2, 22-31. All Plaintiffs are women. *Id.* ¶¶ 22-31. CJ2 was built more than thirty years ago. *Id.* ¶ 44. It has an indoor exercise space but does not have an outside yard. *Id.* ¶ 3. CJ2 has windows, but sunlight does not enter the jail because, in part, of the recessed windows and obstructions to the windows. *Id.* ¶ 46. The jail is lit inside by artificial light. *Id.* ¶ 45. Both men and women are held at CJ2. *Id.* ¶ 2. CJ2 is the only San Francisco jail that houses women. *Id.* ¶ 43.

The Complaint alleges that indoor exercise space does not meet statutory requirements and that inmates are not allowed to use the indoor exercise space. *Id.* ¶¶ 3, 6, 90. The Complaint alleges CJ2 is improperly maintained, resulting in plumbing backups, inadequate hot water, lack of access to flushable toilets, water damage, and insect infestation. *Id.* ¶¶ 27, 29, 81, 82, 84, 87, 88. The food lacks variety, is too starchy and sugary, and does not have enough fresh fruit and vegetables. *Id.* ¶¶ 23, 71. Plaintiffs allege women have fewer privileges than men (including the ability to transfer jails

and the opportunity to exercise), access to jobs, and access to programming relative to male inmates. *Id.* ¶¶ 11, 53, 67-69, 89.

Plaintiffs further allege that they have developed health conditions and have been prescribed and administered medication. *Id.* ¶¶ 22-31. They allege that lack of sunlight and consistent exposure to interior light have affected their sleep quality and caused skin "eruptions;" endocrine, metabolic, digestive, and immune system issues; and headaches, lethargy, memory loss, dementia, and eyesight impairment. *Id.* ¶ 5. They allege that scant opportunity to exercise and jail food have caused "significant weight gain" and that jail food has exacerbated some of their chronic illnesses. *Id.* ¶¶ 65, 74-75. Plaintiffs also allege the state of the building has contributed to asthma, skin disorders, and other conditions. *Id.* ¶ 83. Health care providers at CJ2 treat Plaintiffs for their health issues, including by providing sleep aids, GLP-1 (weight loss) medication, insulin, pain management, anxiety medication, nasal spray for allergies, blood pressure medicine, vitamins, and topical creams. *Id.* ¶¶ 22-31. The Complaint alleges these treatments ("chemical coercion") cause chronic secondary conditions and side effects, as well as inhibit inmates' ability to reintegrate once released. *Id.* ¶ 57.

Plaintiffs purport to represent one putative class (CJ2 inmates) and two putative subclasses (female CJ2 inmates and a "damages class"). *Id.* ¶¶ 97-129. Plaintiffs bring eight claims: 42 U.S.C. § 1983 claims for violation of the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Equal Protection Clause of the Fourteenth Amendment; violations of Article I, Section 7 and Section 17 of the California Constitution; violation of the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1; negligence; and intentional infliction of emotional distress.

## LEGAL STANDARD

A court should grant a Rule 12(b)(6) motion where there is either a "lack of a cognizable legal theory" or the absence of sufficient facts alleged under "a cognizable legal claim." *Kee v. Mersch*, 297 F. App'x 615, 617 (9th Cir. 2008). A claim is facially plausible when it pleads facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and a complaint that pleads facts that are "merely consistent with"

a defendant's liability "stops short of the line between possibility and plausibility." *Id.* (cleaned up). And the Court need not accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

## ARGUMENT

### I.    PLAINTIFFS' SECTION 1983 CLAIMS EACH FAIL.

#### A.    The Eighth Amendment Does Not Apply to Plaintiffs, Who Are Pretrial Detainees.

The Eighth Amendment proscription against cruel and unusual punishment applies only to detainees who have been tried and convicted. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (citation omitted). None of the Plaintiffs fit this description. *See* Compl. ¶¶ 22-31. The First Cause of Action must be dismissed.

#### B.    Plaintiffs Fail to Allege Any Violation of Fourteenth Amendment Due Process.

"Due process requires that a pretrial detainee not be punished." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). For an action to constitute punishment, the action must cause the detainee to suffer some "harm or 'disability'," and the purpose of the action must be "to punish the detainee." *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004). The "harm or disability" the government causes must either "significantly exceed, or be independent of, the inherent discomforts of confinement." *Id.* at 1030. At minimum, a defendant must show reckless disregard for health or safety. *Norbert v. City and Cnty. of San Francisco* (*Norbert II*), 10 F.4th 918, 928 (9th Cir. 2021). If a condition or restriction is "reasonably related to a legitimate governmental objective," it is not punishment. *Bell*, 441 U.S. at 539. None of the allegations suffice.

##### 1.    Lack of Outdoor Recreation and Access to Sunlight at CJ2 Does Not State a Violation of Due Process.

Plaintiffs allege "inmates housed at CJ2 have never had outdoor recreation and cannot have direct sunlight on their skin, eyes, or bodies," which "violate[s] California Code of Regulations, title 15, section 1065" and the Eighth and Fourteenth Amendments. Compl. ¶¶ 45, 47. This is materially identical to a claim one of the Plaintiffs (Ms. Page) already brought and lost on the merits. *See Pierce v. City & Cnty. of San Francisco*, 2022 WL 17418974, at *2-4 (N.D. Cal. Dec. 5, 2022); *see also* No.

19-cv-07659-JSW, ECF No. 66 (*Pierce* Second Amended Complaint) ¶ 3). In that case, the Court rejected the claim that the lack of outdoor recreation at CJ2 violates the Eighth and Fourteenth Amendments. *See id.*, at *3-4. Indeed, the Ninth Circuit has never required that inmates be able to exercise outside: If anything, the Ninth Circuit has "indicated the opposite." *Norbert II*, 10 F.4th at 930. As this Court noted in *Pierce*, the Ninth Circuit has confirmed "time and time again" that the Constitution requires "outdoor recreation opportunity, *or otherwise meaningful recreation*" to inmates. *Pierce*, 2022 WL 17418974, at *3 (citation omitted). The Court in *Pierce* has already determined that "the hours provided to inmates at CJ2 are sufficient to pass constitutional muster." *Id.* at *4. Plaintiffs allege no facts differentiating this case from *Pierce*, and its teachings apply here. *Compare id.*, at *1, 3-4, *and Pierce* Second Amended Complaint ¶ 3, *with* Compl. ¶¶ 3, 4, 45, 47.[1]

### 2.    Plaintiffs Fail to Allege Their Medical Care Was Inadequate.

Pretrial detainees' claims for violations of the right to adequate medical care under the Fourteenth Amendment are "evaluated under an objective deliberate indifference standard." *Gordon v. Cnty. of Orange* (*Gordon I*), 888 F.3d 1118, 1125 (9th Cir. 2018) (citation omitted). The plaintiff must allege (i) the defendant made an "intentional decision" concerning conditions, (ii) those conditions put the plaintiff at "substantial risk" of "serious harm," (iii) the defendant failed to take reasonable available measures to abate the risk, (iv) a reasonable official would have appreciated the risk, and (v) the defendant caused the plaintiff's injuries by failing to take the reasonable available measures. *Id.* (citation omitted). The plaintiff must prove "something akin to reckless disregard," a formidable standard. *Id.* (citation omitted). Neither "mere lack of due care" nor "an inadvertent failure to provide adequate medical care" or "[m]edical malpractice" shows reckless disregard. *Id.*; *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

Here, Plaintiffs fail to plausibly allege any defendant disregarded an excessive risk to any Plaintiff's health. *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 636 (9th Cir. 2021) (citation

---

[1] Plaintiffs reference a different case in their complaint, *Brackens, et al. v. City & County of San Francisco*, 2023 WL 6847576 (N.D. Cal. Oct. 17, 2023). *See* Compl. ¶ 50. But, as Plaintiffs admit, *Brackens* concerned a different facility located in a different city (and county). *See, e.g.*, *id.* ¶¶ 48, 50. This Court (Kim, J.) explicitly distinguished *Pierce* from *Brackens* for this exact reason. *Norbert v. San Francisco Sheriff's Dept.*, No. 19-cv-02724-SK, ECF No. 148. Plaintiffs allege no facts differentiating this case from *Pierce*.

omitted) (holding plaintiff must show disregard of "excessive risk"). Indeed, Plaintiffs' allegations confirm inmates at CJ2 *receive* ample medical treatment for their alleged health conditions.[2] Plaintiffs may be unsatisfied with the (allegedly largely pharmaceutical) care provided. But "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc). Where a case concerns choices between alternative treatments, a plaintiff must show the course doctors chose was "medically unacceptable under the circumstances" and in "conscious disregard of an excessive risk to plaintiff's health." *Gordon v. Cnty. of Orange* (*Gordon II*), 6 F.4th 961, 970 (9th Cir. 2021) (citation omitted). Plaintiffs fail to so allege.[3]

### 3. Plaintiffs Fail to Allege Defendants Served Inadequate Food.

The Constitution requires that detainees receive food that is "adequate to maintain health." *Carpio v. Chief Couns., DHS-ICE*, 2018 WL 5919474, at *6 (C.D. Cal. Aug. 8, 2018) (citing *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). But there is no requirement food "be tasty or aesthetically pleasing." *Id.* Food served cold or containing foreign objects may be "unpleasant," but is not a constitutional deprivation. *LeMaire*, 12 F.3d 1456 (citation omitted); *see also Sand v. Humboldt Cnty. Corr. Facility*, 2024 WL 1289694, at *2 (N.D. Cal. Mar. 25, 2024) (dismissing complaint alleging "that on several occasions he found hair, rocks, cleaning chemicals or spittle in his food"); *Osolinksi v. Coalinga State Hosp.*, 2017 WL 131988 at *3 (E.D. Cal. Jan. 12, 2017) (no

---

[2] Ms. Carr receives insulin for diabetes; melatonin for "disturbance sleep issues;" muscle relaxers when needed for "back problems;" and prescription medication for hypertension and "recurring digestive issues." Compl. ¶ 22. Ms. Herrera was prescribed "GLP medication" for weight gain; insulin for diabetes; a lidocaine patch for "swelling in her right knee;" and "pharmaceutical sleep medication" for "difficulty staying asleep." *Id.* ¶¶ 23, 24. Ms. Hopkins "has been prescribed Remeron (mirtazapine)" for "anxiety attacks" and as a sleep aid and melatonin for sleep. *Id.* ¶ 25. Ms. Ramirez-Hernandez was "diagnosed" with "allergies" and was treated with nasal spray. *Id.* ¶ 28. She was also given "pharmaceutical medication" as a sleep aid. *Id.* Ms. Boyd was "prescribed melatonin" for "difficulty falling asleep and staying asleep;" given Tylenol and ibuprofen for her "low grad [sic] headaches"; and given medication for anxiety and high blood pressure. *Id.* ¶ 30.

[3] While most Plaintiffs allege their physical ailments were diagnosed after they were incarcerated, very few allege the conditions of incarceration *caused* their health conditions. *See Davis v. Dist. of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998). In fact, that only named Plaintiffs to allege the complained-of carceral conditions *caused* some of their health conditions are Ms. Herrera (bunk caused arthritis and a pinched nerve), Ms. Page (lice and scabies because of intake protocols for new inmates), and Ms. Boyd (jail food caused "severe vomiting" and "diarrhea"). Compl. ¶¶ 24, 27, 30.

constitutional right to "hot meals"). Rather, to state a claim, Plaintiff must allege facts showing their meals "were inadequate and not just unappealing." *Poslof v. Arce*, 2025 WL 786356, at \*9 (N.D. Cal. Mar. 12, 2025). Specifically, Plaintiffs "must provide facts showing that the meals were calorically insufficient and/or lacked essential nutrients." *Id*.

Here, Plaintiffs allege they gained weight during incarceration. *See* Compl. ¶ 22 (Ms. Carr, 65 lbs.); ¶ 25 (Ms. Hopkins, 65 lbs.). And the Ninth Circuit has found that gaining weight demonstrates an inmate is "being fed *adequately*." *LeMaire*, 12 F.3d at 1456 (emphasis added) (inmate gained sixty pounds in confinement). To the extent Plaintiffs mean to suggest their weight gain is indicative of unhealthy food, their allegations undercut any causal link between the food and their weight gain. Ms. Montoya and Ms. Page allege their weights fluctuated during incarceration. Compl. ¶¶ 26, 27. Plaintiffs similarly undercut any suggestion their alleged digestive issues were related to the food. Ms. Sahagun's "digestive system constantly causes her pain. *It doesn't matter* if she eats or doesn't eat." *Id*. ¶ 29 (emphasis added). Plaintiffs fail to allege the food service constituted punishment.

Moreover, even if Plaintiffs could allege the food at CJ2 was constitutionally inadequate, Plaintiffs do not allege any such inadequacy was caused by any misconduct by any Defendant. Plaintiffs admit that "Aramark, Inc.," a private "for-profit corporation" and not the City or any of the Individual Defendants, "procure[s] and prepare[s] the food." Compl. ¶ 72. Plaintiffs do not allege any conduct by any Individual Defendant related to Aramark's food preparation; nor do Plaintiffs allege any policy, practice, or custom of the City that would make it responsible for Aramark's actions. None of the Defendants can be held vicariously liable for Aramark's actions.

### 4. Temporary Issues With Building Maintenance Do Not Violate Due Process.

"[T]he Fourteenth Amendment prohibits substantial and prolonged deprivations of sanitation," but short-term deprivations, including lack of hot showers or clogged toilets, are not punishment. *Sanchez-Martinez v. Freitas*, 2023 WL 1070352, at \*3 (N.D. Cal. Jan. 27, 2023) (citation omitted) ("[T]emporary placement in a cell that is dirty and smells bad does not violate pretrial detainees' constitutional rights."); *see also Floyd v. Santa Clara Dep't of Corr.*, 2025 WL 3012645, at \*2 (9th Cir. Oct. 28, 2025) (citations omitted) ("Short-term deprivations of restroom access do not" "significantly exceed" "the inherent discomforts of confinement"), cert denied, 2026 WL 120339

(May 3, 2026); *Monical v. Jackson Cnty.*, 2021 WL 1110197, at *11 (D. Or. Mar. 23, 2021) ("…[D]enial of showers for a week or longer" is not "an objective deprivation.").

Plaintiffs fail to allege facts showing "substantial and prolonged deprivations of sanitation." *See Sanchez-Martinez*, 2023 WL 1070352, at *3.  Plaintiffs generally allege hot water for showers "has been intermittent" and that hot water "[s]ometimes" "shuts off" after "a minute or two."  Compl. ¶¶ 27, 29.  But Plaintiffs fail to allege when, how often, or for how long they were without hot showers.  *See Monical*, 2021 WL 1110197, at *12 (finding allegation inmate going nearly two weeks without showers and rarely getting more than one shower a week failed to show conditions sufficiently "unsafe or unsanitary"); *see also Soloman v. San Francisco Cnty. Jail*, 2026 WL 1422035, at *2 (N.D. Cal. May 20, 2026) (dismissing claim concerning "cold showers" at CJ3 and ordering plaintiffs to provide facts concerning frequency and severity).  Plaintiffs do not state a claim.

Plaintiffs also allege toilets at CJ2 "overflow[ ]," are "inoperable," or "back up."  Compl. ¶ 84. But, similarly, Plaintiffs do not allege any facts about when, how long, or how often their toilets were inoperable, or whether they experienced any injuries related to inoperable toilets.  Such general and conclusory allegations fail to state a claim.  *See Walker v. Ahern*, 2018 WL 2267745, at *7 (N.D. Cal. May 17, 2018) (granting sheriff summary judgment and holding no constitutional violation where detainee "forced" for two days to use a clogged toilet where "feces spread on the walls and floor" because any deprivation he experienced was temporary); *Baqleh v. Lake Cnty. Sheriff's Dep't*, 2026 WL 880151, at *2 (N.D. Cal. Mar. 31, 2026) (finding pretrial detainee's allegation toilet inoperable for four consecutive days failed to state a claim because he did not allege a related injury).

Plaintiffs further allege a "constant and chronic state of insect infestation."  Compl. ¶ 82.  But they allege no facts from which the Court can infer any such infestation *of Plaintiffs'* living quarters, let alone anything about the nature of the infestation.  The closest Plaintiffs come to alleging any related fact is Ms. Page's allegation she had lice and scabies "at least" ten times while incarcerated. *Id*. ¶ 27. This is too thin a reed to support a Fourteenth Amendment claim, particularly where Plaintiffs admit "the jail regularly sends the exterminator."  *Id.; see Soloman*, 2026 WL 1422035, at *2 (dismissing detainees' claim concerning lice and scabies infestations at CJ3 and ordering they

Ntc of Mtn & Mtn to Dismiss; MPA ISO MTD                    7
Case No. 3:26-cv-05508-CRB

"provide more information about if and when they had lice or scabies or what other harm Plaintiffs suffered from other detainees' lice and/or scabies").

Plaintiffs' Fourteenth Amendment claims concerning building maintenance and sanitation fail.

**C.    Plaintiffs Fail to Allege Defendants Acted with Discriminatory Intent and Fail to Allege Female Inmates at CJ2 Are Similarly Situated to a Favored Group.**

Under the Equal Protection Clause, all similarly situated persons must be treated equally under the law. *City of Cleburn v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Even so, the Equal Protection Clause "does not ensure absolute equality." *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003) (cleaned up). To state a claim, plaintiffs must allege defendants acted with the intent to discriminate based on membership in a protected class or that defendants purposefully treated them differently than similarly situated individuals without the requisite basis for the disparate treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Barren v. Harrington,* 152 F.3d 1193, 1194-95 (9th Cir. 1998), *cert. denied,* 525 U.S. 1154 (1999). In evaluating an Equal Protection claim, courts first examine whether plaintiffs are similarly situated to persons who allegedly received favorable treatment. *Gallinger v. Becerra*, 898 F.3d 1012, 1016 (9th Cir. 2018). Groups "need not be similar in all respects" but must be "similar in those respects relevant to" the contested policies. *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1064 (9th Cir. 2014). Only once the court has concluded the supposed favored and disfavored group *are* similarly situated with respect to the contested policies, does the court analyze whether the policies pass the requisite scrutiny. *Gallinger*, 898 F.3d at 1016.

Here, Plaintiffs' Equal Protection claim is based on two categories of grievances: those concerning the physical characteristics and limitations of CJ2 and those concerning the available programs and services offered to women there. Plaintiffs allege male inmates have (i) greater access to programming and (ii) more employment opportunities, (iii) that CJ2 female inmates' lodgings are overcrowded, and that male inmates have (iv) greater access to sunlight and (v) more exercise opportunities. Compl. ¶ 140 (referencing "male prisoners" without specifying where housed).[4]

---

[4] The Complaint's allegations in support of Plaintiffs' Equal Protection claim mention a "denial of due process" and "liberty interest protected by due process." Compl. ¶ 140. For the reasons argued *supra* I.B., none of the "conditions" implicate liberty interests protected by due process.

First, Plaintiffs do not allege discriminatory intent.  The Complaint implies it is inequitable that female inmates are housed in CJ2 and not CJ3, which houses male inmates.  But there are no allegations that the determination to house female inmates in CJ2 was the result of discriminatory intent or a desire to provide women with inferior accommodations.  *See Women Prisoners of D.C. Dep't of Corr. v. D.C.*, 93 F.3d 910, 926-27 (D.C. Cir. 1996) (housing female inmates in a facility smaller than male inmates' housing "is the obvious result" of "far fewer female inmates.").  The Complaint likewise does not contain factual allegations—nor could it—that CJ2 was designed and built with the aim of subjecting female inmates to less favorable physical conditions or that the Individual Defendants[5] had any say whatsoever in the design and construction of CJ2.  It therefore stands to reason that the crowding, access to sunlight, and exercise resources Plaintiffs allegedly experience—all conditions and circumstances intertwined with CJ2's physical plant—do not give rise to a viable Equal Protection claim.  *See id.* at 926-27 (cleaned up) ("...[F]emale inmates always can point out ways in which male prisons are 'better' than theirs…" and vice versa).[6]

As for the services, programming, and vocational opportunities available to female inmates at CJ2, there are no allegations—there could not be—that the availability of any different, even lesser, resources is the result of discriminatory intent.  Rather, the most reasonable inference from the allegations is that the resources, programming, services, and job opportunities at CJ2 are "the product [not] of invidious gender discrimination" but of "professional judgment in light of the realistic challenges of separately housing inmates of different genders."  *See Fishman v. Williams*, 2017 WL 4075136, at *9 (C.D. Cal. Sept. 13, 2017) (dismissing Equal Protection Claim where no allegation of discriminatory intent); *see* also *Roubideaux v. N. Dakota Dep't of Corr. & Rehab.*, 570 F.3d 966, 974-75 (8th Cir. 2009) (dismissing Equal Protection claim because the "resulting differences in

---

[5] Indeed, as discussed below, I.D.2, Plaintiffs failed to allege personal involvement of the Individual Defendants.  *See Johnson v. Cate*, 2012 WL 1332183, at *2-3 (E.D. Cal. Ap. 17, 2012) (dismissing Equal Protection claim where plaintiff failed to attribute alleged discrimination to any of the named defendants).  Plaintiffs can show personal involvement through allegations of personal direction or of actual knowledge and acquiescence.  *Id.*  But Plaintiffs' allegations only repeat the analytical requirements.  Compl. ¶¶ 141-43.

[6] Plaintiffs do not challenge the lawfulness of segregating inmates by sex.  They could hardly do so: Courts have consistently observed that segregating inmates by sex into different facilities or pods is commonplace and necessary.  *See, e.g., Pitts v. Thornburgh,* 866 F.2d 1450, 1458-61 (D.C. Cir. 1989) (noting there are "realit[ies] of unequal treatment" when inmates are segregated by sex).

programming" were tied to "permissible segregation" of inmates by sex) and *Klinger v. Dep't of Corr.*, 31 F.3d 727, 734 (8th Cir. 1994) (noting "unwarranted" conclusion that "women ... sent ... to [facility] because of their sex that the programs they receive are necessarily based on their sex").[7]  In sum, Plaintiffs fail to allege discriminatory intent, and their Equal Protection claim must be dismissed on this basis alone.  *See Fosselman v. Hidalgo*, 2012 WL 484699, at *8 (E.D. Cal. Feb. 14, 2012) (dismissing Equal Protection claim where no allegations of discriminatory intent); *McCormack v. City & Cnty. of Honolulu*, 762 F. Supp. 2d 1246, 1251 (D. Haw. 2011) (same).

The Equal Protection claim also fails because it does not allege facts to allow the Court to determine whether female inmates at CJ2 are similarly situated to a group purportedly receiving favorable treatment.  *See Gallinger*, 898 F.3d at 1016.  Plaintiffs may argue that that they have adequately alleged that male inmates at CJ3 are similarly situated.  But groups of individuals are "similarly situated" only when their circumstances are "arguably indistinguishable."  *Ross v. Moffitt*, 417 U.S. 600, 609 & n.8 (1974); *Klinger*, 31 F.3d at 734 (male and female inmates not similarly situated relative to availability of different programs in prison).  Indeed, the only reasonable inference from the Complaint is that the circumstances of inmates at CJ3 are *quite* distinguishable.  *E.g.,* Compl. ¶¶ 48-49.  Based on the Complaint, if any group of male inmates is similarly situated to the female inmates at CJ2, it is the group of male inmates *also housed at CJ2*.  *Id.* ¶¶ 11, 53 ("men at CJ2").  But, even so, the Complaint does not allege facts concerning how this particular group of inmates' interaction with the physical facilities *of CJ2* differs from female inmates *at CJ2* or that male inmates *at CJ2* specifically have better access to programming, services, or vocational opportunities than do female inmates.  Plaintiffs' Equal Protection claim must also be dismissed for this reason.

**D.    Plaintiffs Fail to Allege Facts to Support Section 1983 Liability By Any Defendant.**

Assuming *arguendo* that Plaintiffs had sufficiently alleged facts to support their three section 1983 claims, such claims must still be dismissed because they fail to allege sufficient facts for liability

---

[7] The ultimate success of an Equal Protection claim premised on inmate access to different programs creates perverse incentives.  "If federal courts could find equal protection liability whenever male and female inmates have access to different sets of programs, budget-strapped prison administrators may well respond by reducing, to a constitutional minimum, the number of programs offered to all inmates."  *Women Prisoners*, 93 F.3d at 926–27.

by either the City[8] or the Individual Defendants.

### 1.    Plaintiffs Fail to Allege Sufficient Acts to Support Municipal Liability.

Municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) requires a plaintiff allege (i) she possessed a constitutional right (ii) of which she was deprived, (iii) the municipality had a policy (iv) deliberately indifferent to that right, and (v) the policy was the "moving force" behind the violation.  *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997) (citation omitted).  A *respondeat superior* theory is insufficient for municipal liability.  *Monell*, 436 U.S. at 691.  Plaintiffs must do more than allege defendants maintained "an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs" alleged.  *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (cleaned up) (complaint deficient because it only alleged the contested policy "related to the custody, care and protection of dependent minors . . . .'").  Rather, a plaintiff must show "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).  This "is difficult."  *Bell v. Williams*, 108 F.4th 809, 824 (9th Cir. 2024).

Plaintiffs' section 1983 claims are no more than a formulaic recitation of elements.  The Complaint does not specify the content of the supposed policies, customs, or practices that produced Plaintiffs' alleged constitutional injuries.  *See Mateos-Sandoval v. Cnty. of Sonoma*, 942 F. Supp. 2d 890, 899-900 (N.D. Cal. 2013) (allegations *sufficient* where they described specific practices and policies including impounding vehicles not posing a hazard and retaining impounded vehicle even if fee payment on offer); *Brown v. City of Mariposa*, 2019 WL 4956142, *4 (E.D. Cal. Oct. 8, 2019) (cleaned up) ("[W]hile the Court recognizes the inherent difficulty of identifying specific policies absent access to discovery, that is nonetheless the burden of plaintiffs in federal court.").  Instead of describing contested policies with specificity, Plaintiffs lob a laundry list of grievances with the food, upkeep, medical care, and physical limitations of CJ2 and then assert without elaboration there are violative "policies, practices, and customs" and there has been a "failure to train."  Compl. ¶¶ 136-38,

---

[8]The Sheriff's Office and the Department of Health are each divisions of the City, not separate legal entities that can be sued.  *See United States v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005) (Ferguson, J., concurring).  This Court should dismiss all claims against these two Departments.

140-143.  This is not enough.  *See Tapia Carmona v. Cnty. of San Mateo*, 2019 WL 4345973, at *5 (N.D. Cal. Sept. 12, 2019) (dismissing claim based on conclusory allegations that did not identify the specific nature of the challenged custom or policy); *see also Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1235 (9th Cir. 2011) (cleaned up) (A "[p]ractice or custom" is "permanent, widespread, [or] well-settled" and "constitutes a standard operation procedure."). Plaintiffs' cursory allusions to a failure to train likewise fall short—there are no supporting factual allegations.

Plaintiffs also fail to plead facts to support deliberate indifference.  In fact, the most reasonable interpretation from Plaintiffs' allegations is that CJ2 employees are *attentive*—not indifferent—to inmates' wellbeing.  Compl. ¶¶ 22-31 (itemizing medical care inmates received).  Finally, as discussed *supra* I, Plaintiffs have failed to allege the deprivation of any constitutional right.  *See Plumeau,* 130 F.3d at 438 (existence and deprivation of constitutional rights are required elements under *Monell*). Plaintiffs' First through Third Causes of Action must be dismissed against the City.

### 2.      Plaintiffs Fail to Allege Personal Participation of Individual Defendants.

"[E]ach Government official . . . is only liable for his or her own misconduct." *Ashcroft*, 556 U.S. at 677.  An individual can be liable under section 1983 "only upon a showing of personal participation" in the deprivation of civil rights.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted); *Barren*, 152 F.3d at 1194.  This extends to supervisors.  A supervisor can only be liable for the violations of his subordinates if the supervisor participated in, directed, or knew of the violations and failed to prevent them.  *Taylor*, 880 F.2d at 1045 (citation omitted).  "It is insufficient for a plaintiff generally to allege that supervisors knew about a constitutional violation and that they generally created policies and procedures that led to the violation." *Bryant v. Atchley*, 2022 WL 2988138, at *4 (N.D. Cal. July 28, 2022) (dismissing *Monell* claim against prison warden where warden's employees alleged to have been deficient in upkeep of recreation area).

The Complaint pleads no facts concerning the Individual Defendant's actions relating to the allegedly unconstitutional conditions at CJ2.  Certainly, it is implausible for any of the Individual Defendants to make policies concerning the location, structure, or features of CJ2 (including size and arrangement of windows and lack of outdoor recreation area).  Sheriff Miyamoto is alleged to "hold[] the command and policy making position" for all county jails.  Compl. ¶ 34.  He is also alleged to

have "failed to properly maintain the building" and to have failed to make "sunlight available for inmates at CJ2." *Id.* ¶¶ 82, 92. Jennifer Collins is alleged to be the "direct commander and policy maker" for all county jails, including CJ2, and to have "failed to properly maintain the building." *Id.* ¶¶ 35, 82. Dr. Pratt is alleged to be the Director of Jail Health Services which "has the responsibility to provide direct medical care and does the direct medical care for all inmates" and is alleged to know nutrition and exercise are cornerstones of good health. *Id.* ¶¶ 36, 76-77. The Complaint further alleges she treated inmates but did not advocate for greater access to nutrition, exercise, and outdoor time. *Id.* ¶¶ 78-79. Roland Pickens is alleged to be "responsible for the provision of medical care to inmates in San Francisco jails." *Id.* ¶ 37. These are quintessential general and conclusory allegations insufficient to show any of the Individual Defendants' personal involvement in any of the supposed constitutional violations. Accordingly, Plaintiffs' First through Third Causes of Action must be dismissed against the Individual Defendants for this independent reason.[9]

## II.    PLAINTIFFS' STATE CONSTITUTION AND STATE LAW CLAIMS ALL FAIL.

### A.    Plaintiffs Fail to State any Claim Under the California Constitution.

The due process clause of Article I, Section 7, of the California Constitution contains "virtually identical language" as the Fourteenth Amendment's Due Process guarantee, *Today's Fresh Start, Inc. v. Los Angeles County Office of Education*, 57 Cal. 4th 197, 212 (2013), and Article I, Section 17 of the "mirrors the Eighth Amendment." *Brackens*, 2023 WL 6847576, at *29 & n.15. Accordingly, Plaintiffs' claims under the California Constitution fail for the same reasons their Section 1983 Fourteenth Amendment and Eighth Amendment claims fail, set forth *supra*.[10] Plaintiffs' Fourth and Fifth Causes of Action must likewise be dismissed.

### B.    Failure of Plaintiffs' Section 1983 Claims Dooms Their Bane Act Claim.

---

[9] Mr. Pickens must also be dismissed because he is sued in his official capacity. An official capacity suit against a municipal officer is "equivalent to a suit against the entity." *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (citation omitted). As the City is a defendant, Mr. Pickens is "redundant" and should be dismissed. *See id.*

[10] Even if Plaintiffs could plausibly state a violation of Article I Sections 7 or 17 of the California Constitution, Plaintiffs cannot bring a claim for damages under these provisions. *See Katzberg v. Regents of Univ. of Cal.*, 29 Cal. 4th 300 (Cal. 2002).

A Bane Act claim fails if there is no constitutional violation under section 1983. *Pryor v. City and Cnty. of San Francisco*, 672 F. App'x 751, 752 (9th Cir. 2017); *King v. State*, 242 Cal. App. 4th 265, 294 (2015) (requiring interference with a constitutional right). As set forth above, Plaintiffs fail to plausibly state any constitutional violation. Their Sixth Cause of Action must also be dismissed.

### C.    Plaintiffs' Tort Claims Must Be Dismissed.

#### 1.    California Law Bars These Claims Against All Defendants.

Section 844.6 of the California Government Code states a municipality is not liable for an injury to any prisoner. Cal. Gov't Code § 844.6(a)(2); *see also Lawson v. Super. Ct.*, 180 Cal. App. 4th 1372, 1383 (2010) ("Although a public entity may be vicariously liable for the acts and omissions of its employees, that rule does *not* apply in the case of injuries to prisoners."). As pretrial detainees, Plaintiffs are all "prisoners" within the meaning of state law. *See* Cal. Gov. Code § 844. Therefore, Plaintiffs' negligence and intentional infliction of emotional distress claims against the City must be dismissed. *See Wright v. State of Cal.*, 122 Cal. App. 4th 659, 672 (2004) (finding public entities cannot be liable for intentional infliction of emotional distress and negligence under Cal. Gov. Code § 844.6); *see also Norbert v. San Francisco Sheriff's Dep't* (*Norbert I*), 2020 WL 8675997, at *32 (N.D. Cal. Jan. 31, 2020) (dismissing inmates' claims against the City for intentional infliction of emotional distress and negligence pursuant to Cal. Gov't Code § 844.6).

Meanwhile, section 820.6 of the California Government Code bars the same claims against the Individual Defendants. Under this section, "[i]f a public employee acts in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, he is not liable for an injury caused thereby except [to] the extent that he would have been liable had the enactment been constitutional, valid and applicable." In this context, "good faith" means a subjective intent to act pursuant to the enactment and to enforce and comply with it. *O'Toole v. Super. Ct.*, 140 Cal. App. 4th 488, 505 (2006). Good faith doesn't require a public officer to "second guess" policy and conduct independent "constitutional analysis." *Norbert I*, 2020 WL 8675997, at *32 (citation omitted). This immunity "applies even if the officer was 'negligent' in his good faith." *O'Toole*, 130 Cal. App. 4th at 507. Here, *at most*, the Complaint contains conclusory allegations the Individual

Defendants implemented unconstitutional policies.  Plaintiffs fail to allege facts showing malicious intent. This is fatal to Plaintiffs' Seventh and Eighth Causes of Action.  *See Norbert I*, 2020 WL 8675997, at *32 (dismissing same claims against individual officers).

### 2.    Plaintiffs Have Failed to Allege a Cognizable Duty.

The elements of negligence are duty, breach of duty, causation, and harm.  *Burgess v. Super. Ct.*, 2 Cal. 4th 1064, 1072 (1992).  The existence of a duty is a matter of law.  Plaintiffs assert "[e]ach Defendant had a legal duty to maintain custody and control of Plaintiffs and the class members they represent, so as to not violate their constitutional rights."  Compl. ¶ 164.  But "[i]t is doubtful that California recognizes a cause of action in negligence for violation of a constitutional right."  *Cook v. Torres*, 2013 WL 5946072, at *8 (C.D. Cal. Nov. 5, 2013).  Even if there were a "duty" not to violate the Constitution, Plaintiffs have failed to show how any Individual Defendant breached that "duty" by violating any of his constitutional rights, as explained *supra*.  Plaintiffs' negligence claim thus also fails for this independent reason.

### 3.    Plaintiffs Fail to Allege Defendants Exhibited "Extreme and Outrageous" Conduct or That They Intended to Cause Plaintiffs Emotional Distress.

The Complaint fails to allege facts to satisfy two elements of an emotional distress claim.  A claim for intentional infliction of emotional distress requires (i) "extreme and outrageous conduct" with (ii) the intent to cause (or reckless disregard of the probability of causing) emotional distress (iii) that causes (iv) the plaintiff to suffer severe or extreme emotional distress.  *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009).  For conduct to be sufficiently extreme and outrageous, it "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community."  *Wilson v. Hynek*, 207 Cal. App. 4th 999, 1009 (2012).  There are no factual allegations that any Defendant acted in an "outrageous" way.  Nor do Plaintiffs allege that any Defendant intended to cause (or acted with reckless disregard that their actions would cause) Plaintiffs' emotional distress.  Plaintiffs' only allegation regarding the factual basis for this claim is that Defendants' "adopti[on of] policies, customs, and practices of incarcerating inmates" under the alleged conditions "is extreme and outrageous conduct that intentionally or recklessly disregards the probability of causing emotional distress."  Compl. ¶ 170. This is conclusory, and this claim, too, must be dismissed.

**CONCLUSION**

For all the reasons argued above, the Court should dismiss each of Plaintiffs' claims against all of the Defendants.

Dated:  July 31, 2026

DAVID CHIU
City Attorney
TARA M. STEELEY
Chief Attorney, Government Litigation
EDMUND T. WANG
JESSE E. LANIER
Deputy City Attorneys


By:_____/s/ Jesse E. Lanier_____
EDMUND T. WANG
JESSE E. LANIER

Attorneys for all Defendants