**LAW OFFICE OF YOLANDA HUANG**
Yolanda Huang, SBN 104543
2748 Adeline Street, Suite A
Berkeley, CA 94703
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
Email: yhuang.law@gmail.com

Rachel S. Doughty (Cal. Bar No. 255904)
GREENFIRE LAW, PC
2478 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502
Email: rdoughty@greenfirelaw.com

*Attorney for Plaintiffs*

DAVID CHIU, State Bar #189542
City Attorney
TARA M. STEELEY, State Bar #231775
Chief Attorney, Government Litigation
EDMUND T. WANG, State Bar #278755
JESSE E. LANIER, State Bar #303395
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone: (415) 554-4783 (Wang)
(415) 554-3915 (Lanier)
Facsimile: (415) 554-4699
E-Mails: edmund.wang@sfcityatty.org
jesse.lanier@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO/OAKLAND DIVISION**

LACARLA CARR, SILVIA MONTOYA, DAMENA PAGE, GIOVANNA RAMIREZ-HERNANDEZ, MARILYN SAHAGUN-LOPEZ, KATELYN WILLIAMS, MEREDITH DECHERT and MELODY WINDOM,

Plaintiffs,

vs.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendant.

CASE NO.: 3:26-CV-5508 CRB

**PARTIES JOINT RULE 26(F) REPORT**

**Date: Nov. 13, 2026**
**Time**: 8:30 a.m.
**Dept**: Video Conference

Hon. Charles R. Breyer, Presiding
Complaint Filed: 6/8/2026

**Trial Date: None Set**

Plaintiffs Lacarla Carr, Silvia Montoya, Giovanna Ramirez-Hernandez, Marilyn Sahagun-Lopez, Katelyn Williams, Meredith Dechert and Melody Windom, and Defendants City and County of San Francisco et al. and jointly submit the following Joint Rule 26(F) Report for the Case Scheduling Conference currently scheduled for October 6, 2025, pursuant to the Order of the Court, (ECF 15) and the Standing Order of the Northern District.

**1. Jurisdiction**

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (in that Plaintiffs' claims arise under the Fourteenth Amendments to the United States Constitution) and 28 U.S.C. § 1343(a)(3)-(4), because Plaintiffs seek injunctive relief as well as compensatory and punitive damages for the deprivations, under color of state law, of their rights as citizens of the Unite States which are secured by the United States Constitution, pursuant to 42 U.S.C. §§1983 and 1988. This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

Venue is proper in the United State District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Northern District of California and all or a substantial part of the events or omissions giving rise to the action occurred in the Northern District of California.

All defendants have been served and have appeared.

Defendants do not contest this Court's jurisdiction.

**2. Facts**

**Plaintiffs' Statement**

Plaintiffs are pretrial detainees incarcerated in City and County of San Francisco's County Jail 2 ("CJ 2"), located at 425 7th Street, in San Francisco, California. They bring these civil lawsuits and seek class certification on the grounds that all inmates housed at CJ2 are denied total access to sunlight, and direct access to sunlight, including sunlight into the eyes. and on the skin is necessary for human health. Inmates at CJ2 live 24/7 under artificial light. Without access to direct sunlight, human beings and plaintiffs, lack the ability to regulate their circadian rhythm, resulting in chronic jet lag and dysregulation of the endocrine and basic

neurological systems of the human body. Ensuing illnesses include diabetes, cardio-pulmonary disease, digestive disorders, memory and cognitive function disorders. These diseases are chronic and irreversible. Plaintiffs also assert that defendants, despite knowledge of the necessity of sunlight, have failed and refused to provide sunlight, and instead use palliative pharmaceuticals to address the symptoms and illnesses plaintiffs and class members develop. Plaintiffs seek to certify a class of all inmates incarcerated in CJ2.

Plaintiffs also assert that they are denied adequate opportunity to exercise, because the jail has inadequate space for inmates to exercise. The Sheriff has repurposed the CJ2 gym to function as a holding cell for inmates transported from defendant s' San Bruno jail to attend Court; and as an overflow holding cell for intake and booking.

The jail's inadequate maintenance and sanitation include air particulates in the air vent system that cause breathing issues; water intrusion into ceilings, walls and floors causing mold; and lack of hot water for showers. The lack of sanitation includes requiring new arrestees who are detoxing from drugs to remain in the group sleeping areas, which lack bathrooms, so that these inmates vomit and defecate near their beds and are forced to use their blankets to clean-up these biohazardous wastes. This is instead of placing these inmates under medical supervision and requiring inmates to care for these newly booked arrestees who are detoxing.

In addition, plaintiffs seek to certify two sub-classes regarding these issues including:

1. Women's subclass pursuant to the 14th amendment on the grounds of disparity of treatment.

Women inmates, no possibility of access to sunlight in the San Francisco jail system. Male inmates have the option of being transferred to CJ3 which does have provisions for some outdoor sunlight. Because women inmates are only housed in CJ2, and cannot transfer to CJ3, women inmates never have the opportunity for outdoor sunlight. Furthermore, women inmates have fewer opportunities for inmate jobs and less access to programming.

In addition, the lack of sanitation, namely the lack of adequate hot water, more severely impacts women inmates, who, as a result of inability to maintain personal cleanliness due to the lack of hot water, develop regular microbial infections.

2. A Subclass of inmates with psychiatric disabilities.

Inmates with psychiatric disabilities are subject to housing with housed in even more restrictive settings than regular inmates, with severely reduced opportunities for recreation out of cell, and severely more restricted access to exercise, and total lack of programming. Instead of being permitted out of cell one hour per day, inmates with psychiatric disabilities are allowed out 20 minutes every other day, rarely have access to the gym, and are in essence held in lock down without programming or psychiatric health care. This leads to greater deterioration of their psychiatric state.

**Defendants' Statement**

Plaintiffs' recitation of facts have yet to be supported by evidence adduced in discovery.

CJ2 is located in downtown San Francisco. The facility holds male and female pretrial detainees. CJ2 is the only San Francisco County jail to house female inmates. The population of female inmates in San Francisco jails is considerably smaller than the population of male inmates in San Francisco jails. CJ2 receives regular maintenance, and repairs are made as needed, sufficient to maintain sanitation and safety throughout the facility. Inmates at CJ2 have access to medical and mental health care and treatment, including routine medical clinics, as well as the opportunity to request medical and mental health attention, and the prescription, dispensation, and administration of medication, as medically appropriate. There are windows and skylights in CJ2 that allow in ambient outdoor light. All air that comes through CJ2 is fresh air from the outside and the facility does not use any recycled air. While CJ2 does not have an outdoor recreation area, inmates at CJ2 are provided meaningful exercise or recreation opportunities consistent with state regulations and the Constitution. The San Francisco Sheriff's Department juggles numerous safety concerns amongst the different CJ2 inmates, including those with psychiatric or medical issues, in the provision of exercise and recreation opportunities.

California's Board of State and Community Corrections has inspected the San Francisco Sheriff's Department and CJ2 and identified no items of noncompliance with Title 15 or Title 24 of the California Code of Regulations.

**3. Legal Issues**

**Plaintiffs' Statement**

1. Is it a violation of the 14th Amendment prohibition against punishing pretrial detainees who are presumed innocent, for Defendant Sheriff to:
   a) deny all pretrial detainees held in CJ2 direct access to sunlight;
   b) deny pretrial detainees held in CJ2 adequate hot water thereby denying them the ability to maintain personal sanitation;

2. Is it a violation of Defendants' obligation to provide "reasonable health and safety to people in its custody." Roman v. Wolf, 977 F.3d 935, 943 (9th Cir. 2020) to permit water intrusion, mold, and bugs, and air particulates into plaintiffs' housing units so that plaintiffs develop illnesses including respiratory and skin ailments including microbial infections?

3. Does defendants' failure to remedy or cure the fundamental problem of lack of sunlight and insufficient access to exercise and sanitary housing with pharmaceuticals and palliative care that merely makes the resulting chronic illnesses more tolerate, and perhaps to delay the onset of the chronic illness, violate defendants' duty to provide medical care. *Castro v. County of Los Angeles* 833 F3d 1070 (9th Cir. 2016)

4. Does defendants' use of solitary confinement and isolation and lack of access to participate in jail activities including exercise and programming violate the ADA rights of inmates with psychiatric disabilities?

Plaintiffs have raised the question of whether – in light of the recent civil grand jury report –there is a conflict of interest between the Sheriff's Department and the City and County of San Francisco, inasmuch as Defendant Sheriff identified by 2015 that new custodial facilities were required, and the City and County's Board of Supervisors rejected a grant and has failed and refused to consider facilities upgrade. Defendants' counsel opined that there is no current conflict of interest.

**Defendants' Statement**

Without waiving their rights to identify additional arguments, Defendants foresee at least the following key legal issues:

- Are male inmates similarly situated to female inmates in the putative class with respect to health care needs and access?
- Are pretrial detainees receiving psychiatric care similarly situated to pretrial detainees not receiving psychiatric care with respect to health care received and conditions of confinement?
- Do the alleged conditions of confinement rise to the level of "punishment" under the Fourteenth Amendment?
- Does the alleged involvement of the Individual Defendants constitute deliberate indifference?
- Does the United States Constitution require pretrial detainees have access to unobstructed sunlight, and, if so, what are the parameters of that Constitutional requirement?
- Does the United States Constitution require the standard of medical care for pretrial detainees to exceed standards of care accepted by medical professionals and qualified practitioners?
- Do the named Plaintiffs have standing to bring the surviving claims?
- Are the named Plaintiffs adequate class and subclass representatives?
- Is the requested relief—particularly for damages—individualized such that class certification is inappropriate?
- Was any alleged constitutional violation, if any, caused by a municipal policy?

**4. Motions**

Defendants anticipate filing a motion pursuant to Rule 12(b)(6) in response to Plaintiffs' First Amended Complaint. The parties have agreed that Defendants shall have until November

20, 2026 to file their motion, and Plaintiffs shall have 3 weeks in which to respond. (See proposed Case Schedule below.)

**5. Amendment of Pleadings**

The parties anticipate at least one more amendment of the complaint as a result of Defendants' anticipated motion to dismiss the First Amended Complaint.

Apart from amendments occasioned by such (or subsequent) motion practice, the parties respond as follows. As illustrated by the First Amended Complaint, due to the transient nature of inmate populations in CJ2, there is a risk that the named Plaintiffs cohort will be continuously in flux. Defendants propose February 26, 2027 as the deadline for adding or removing Plaintiffs.

**6. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. Initial Disclosures**

The parties have agreed that Initial Disclosures shall be due on November 20, 2026.

**8. Discovery**

Defendants will draft a Stipulation for Protective Order Modeled on the Northern District's Model Protective Order in order to safeguard any issues with security. The parties anticipate that once the Initial Disclosures have been served, discovery will commence.

Defendants anticipate at minimum deposing all eight named Plaintiffs and deposing any experts or other fact witnesses Plaintiffs disclose. If the currently named Plaintiffs remain parties to the case, it is highly likely the number of depositions Defendants need to mount an adequate defense will exceed the number ten. Defendants expect to seek documents relating to the named Plaintiffs' factual allegations—including but not limited to Plaintiffs' health records. The parties will meet and confer if Defendants require more than ten depositions of fact witnesses.

Plaintiffs, in addition to document production, will seek inspections and testing inside the jail.

**9. Class Action**

**Plaintiffs' Position.** Rule 26 requires the filing of the motion at the earliest possible opportunity and proposes filing the motion for class certification once the pleadings are finalized. Regarding Defendants' concerns about the fluctuations of the class membership, once the class is certified, changes in a plaintiff's status does not affect class certification. "The Department also contends that the district court erred in denying its motion to decertify the class when Gluth was transferred out of the Central Unit of the Arizona State Prison at Florence. It is well established that once a class is certified, if the named plaintiff had a legitimate case at the time of certification, then his transfer does not moot the case. Bell v. Wolfish, 441 U.S. 520, 526, 60 L. Ed. 2d 447, 99 S. Ct. 1861 n.5 (1978); Lynch v. Dawson, 820 F.2d 1014, 1016 (9th Cir. 1987)." *Gluth v. Kangas,* 951 F.2d 1504, 1509 (9th Cir., 1991) Plaintiffs have proposed that once the pleadings are set that plaintiffs file for class certification on the primary class regarding deprivation of sunlight, and would be willing to consider delaying requests for certification of the sub-classes pending Defendants' requested depositions. However, Plaintiffs are not willing to delay requests for certification of the sub-classes until the close of fact discovery.

**Defendants' Position.** Defendants request that a motion for class certification not be filed until after the close of fact discovery. There will be serious fact questions concerning the adequacy of the named Plaintiffs to serve as fact witnesses—as well as the degree to which their individual circumstances and experiences are typical of the putative classes as defined and alleged. Moreover, the pretrial detainee population at CJ2 is constantly in flux (as exhibited by the excision of four named Plaintiffs due to their release from custody), and Defendants have a reasonable belief that the progression of fact discovery will result in further evolution of the group of named Plaintiffs. Defendants also wish to preserve the parties' resources (and to respect to judicial economy) by taking one deposition per fact witness—rather than deposing fact witnesses purely for class certification and then, as needed, for summary judgment and trial.

The parties have agreed to meet and confer on this issue once the pleadings are finalized.

**10. Related Actions**

Defendants filed a motion to relate this case to *Pierce v. County of San Francisco et al.*, 19-cv-07659-JSW (ECF 5), and Plaintiffs filed a motion to relate this case to *Brackens, et al. v. City and County of San Francisco et al.*, 19-cv-02724 (ECF 008). Both motions to relate have been denied.

**11. Settlement and ADR**

Defendants stated they would, "at the appropriate time" be amenable to a settlement conference with a magistrate judge. Prior to scheduling such a settlement conference, Defendants' position is that the pleadings should be set so that the scope of the case is known.

Plaintiffs stated that they are always open to discussing proposals from Defendants on injunctive relief, particularly regarding the access to direct sunlight issue.

**12. Scheduling**

The parties propose the following schedule:

| | Plaintiffs' Proposed Date | Defendants' Proposed Date | Court Ordered Date |
|---|---|---|---|
| Initial Disclosure | November 20, 2026 | Stipulated | |
| 12(b)(6) to First Amended Complaint | Stipulated | November 20, 2026 | |
| Response due to Defendants' 12(b)(6) | December 11, 2026, or 3 weeks from filing, whichever is sooner | Stipulated | |
| Reply brief in support of Defendants' 12(b)(6) | | December 18, 2026, or 1 week after Plaintiffs' opposition, whichever is sooner | |
| Hearing for 12(b)(6) motion | January 8, 2027 or at the convenience of the Court. | January 22, 2027, or the soonest date thereafter that is convenient for the Court | |
| Motions for class certification | Once pleadings are finalized for main class. No later than | Close of Fact Discovery. Parties to Meet and Confer. | |

| | | | |
|---|---|---|---|
| | June 1, 2027 for the sub-classes. | | |
| Fact Discovery Cutoff | January 31, 2028 | | |
| Voluntary ADR Completion | February 14, 2028 | | |
| Expert Designation | February 28, 2028 | | |
| Rebuttal Expert Designation | March 27, 2028 | | |
| Deadline to meet and confer concerning adjustment of summary judgment briefing schedule (e.g., to accommodate cross motions) | | March 31, 2028 | |
| Close of Expert Discovery | May 1, 2028 | | |
| Deadline for Dispositive Motions | June 5, 2028 | June 19, 2028 | |
| Responses to Dispositive Motions Due 6 weeks after Dispositive Motions filed | July 5, 2028 | July 31, 2028 | |
| Reply briefs in support of Dispositive Motions Due 3 weeks after Oppositions filed | July 26, 2028 | August 21, 2028 | |
| Initial Pretrial Filings Due (35 days) | Sept. 8, 2028 | September 15, 2028 | |
| Pretrial Conference | Oct. 13, 2028 | | |

13. **Trial**

The parties anticipate a trial no longer than seven (7) to ten (10) days.

**14. Disclosure of Non-party Interested Entities or Persons**

Defendants, as government entities, are not required to file a Certification of Interested Entities or Persons required by Civil Local Rule 3-15.

**15. Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Respectfully Submitted by:

Dated: October 30, 2026

LAW OFFICE OF YOLANDA HUANG

By: */s/ Yolanda Huang*
Yolanda Huang
ATTORNEY FOR PLAINTIFFS

DAVID CHIU
City Attorney
TARA M. STEELEY
Chief Attorney, Government Litigation
EDMUND T. WANG
JESSE E. LANIER
Deputy City Attorneys

By: /s/ *Edmund T. Wang*
EDMUND T. WANG
JESSE E. LANIER

Attorneys for all Defendants

Under N.D. Cal. Local Rule 5-1(i)(3), in lieu of a signature, I attest that I obtained approval, on October 30, 2026 from defense counsel Jesse Lanier, Case No.: 3:26-CV-5508-CRB for the filing of this Joint Statement.

LAW OFFICE OF YOLANDA HUANG

*/s/ Yolanda Huang*
Yolanda Huang
ATTORNEY FOR PLAINTIFFS